Littleton, Judge,
delivered the opinion of the court:
Plaintiff sues to recover the difference in pay between grades P-3 and CAF-4, after August 24,1947, including all in-grade promotions, on the ground that her demotion on August 24, 1947, was in violation of the Act of August 24, 1912,[1] and the United States Civil Service Regulations.
Plaintiff’s petition alleges that she has been employed under the classified Civil Service for thirty-one years with the United States Public Health Service, the Veterans’ Bureau and the Veterans’ Administration. It is alleged that on August 24, 1945, plaintiff was promoted from CAF-5 to the position of Adjudicator, P-1, in the Veterans’ Administration; that on January 31, 1946, she was promoted to the grade of P-2, and on September 22, 1946, to the grade of P-3. Plaintiff alleges that on February 28,1947, she was informed by her supervisor that her unofficial efficiency rating for the period from September 22,1946, to February 27, 1947, was “Unsatisfactory,” although she had been led to believe up to that time that her work was satisfactory; that on March 3, 1947, she was transferred to a new supervisor, and on March 31, 1947, she was given an official efficiency rating of “Unsatisfactory,” which rating she alleges was based upon the prior unofficial rating. Plaintiff further *334 alleges that she appealed the official rating within the Agency and up to the Efficiency Rating Board of Review for the Veterans Administration in the Civil Service Commission, which sustained the rating of “Unsatisfactory” previously affirmed on July 30, 1947, by the Veterans’ Administration Branch Office Efficiency Rating Committee; that effective August 24, 1947, plaintiff was demoted , to the position of Claims Examiner, CAF-A, at the salary, of $2,619.72.
As a basis for her claim, plaintiff alleges - (1) that she was not given the warning required by law before the official efficiency rating of “Unsatisfactory” was made;[2] (2) that the official rating of “Unsatisfactory” was based upon the unofficial rating in direct violation of the Civil Service Regulations; [3] (3) that in making the rating of “Unsatisfactory” and passing upon plaintiff’s appeals, the administrative officials of the Veterans’ Administration “abused their authority and discretion by acts which were in an arbitrary and capricious manner.” Plaintiff alleges that she has exhausted all her administrative remedies, that at all times she has been and is now ready and able to perform the duties of Claims Adjudicator, P-3, and asks the court to order plaintiff’s reinstatement to grade P-3, retroactive to the effective date of her demotion (August 24,1947), and render judgment for the difference in pay of the two grades!
On the basis of affidavits and certified copies of official documents from plaintiff’s personnel folder, defendant has moved under Rule 51 for summary judgment dismissing the petition, on the ground that there is no genuine issue as to any material fact.
The additional material submitted -by defendant supplements the facts alleged by plaintiff as follows: (1) by letter of March 5,1947, to Mrs. Dixon from the Chief, Dependents and Beneficiaries Claims Division; Mrs. Dixon was informed in detail of the many deficiencies in her job performance as an adjudicator and was warned that if her efficiency rating for the period from September 22, 1946, through March 31, 1947, should be “Unsatisfactory” she would be removed from her position either by separation from the service or reassign *335 ment or demotion to a position for which she might be qualified; she was informed that her new supervisor had indicated that he would make every effort to improve Mrs. Dixon’s efficiency. (2). On April 21,1947, an official Eeport of Efficiency Eating covering the period September 22,1946, to March 31,1947, was prepared assigning plaintiff a rating of “Unsatisfactory.” (3) By letter dated June 4, 1947, from the Acting Chief of the Branch Personnel Division, Mrs. Dixon was given notice of proposed separation action because of unsatisfactory performance of the duties of that position, such action to take place following a thirty day period during which she might reply in writing respecting such adverse proposed action. (4) By letter of July 3, 1947, to the Acting Chief of the Branch Personnel Division from the Director, Fifth United States Civil Service Eegion, the proposed action in plaintiff’s case was approved. (5) By letter to plaintiff dated July 11, 1947, from the Chief, Branch Personnel Division, plaintiff was informed that the proposed adverse action would be withheld pending the outcome of her pending efficiency rating appeal. (6) On August 21,1947, the Chief, Branch Personnel Division, wrote to plaintiff forwarding to her a copy of the decision, dated July 18, 1947, of the Branch Office Intermediate Efficiency Eating Committee, and informing her that the adverse decision of such committee had been sustained in full on July 30,1947, by the Branch Efficiency Eating Committee. Plaintiff was then advised of her right to appeal these decisions to the Civil Service Commission within thirty days from receipt of the letter. Plaintiff was also advised that the agency was attempting to reassign her within the Veterans’ Administration in a position for which she was qualified and that she would be retained in her present grade and salary until notified otherwise. (6) On August 22, 1947, plaintiff was notified in writing of the decision of reassignment and demotion to the position of Claims Examiner, grade CAF-4, salary $2,619.72, effective August 24,1947. She was advised that she might appeal this reassignment and demotion under the provisions of the Employee Complaints and Grievances Procedure, as set forth in VA Manual M5-4, and she was advised further as follows:
*336 Please notice that this refers to an appeal from the reassignment and demotion action and not to an appeal from the efficiency rating. The only way in which the efficiency rating proper may enter into an appeal under the provisions of VA Manual M5-4 is in cases where the employee alleges that coercion, restraint, interference, partiality, or reprisal existed in the making of the efficiency rating. If you do not have a copy of this manual,’ you may obtain one from your supervisor or from any member of the Personnel Service. Should you wish to appeal, it will be necessary for you to submit a written request to the Deputy Administrator, asking that the matter be referred to an impartial advisory appeal board. Your written request, if made, should reach this office not later than the close of business on September 8, 1947, and should include the name, office and residence addresses, and telephone numbers of the person whom you select as one of the board members.
Pursuant to the advice contained in the letter of August 21, 1947, plaintiif appealed her efficiency rating of “Unsatisfactory” to the Statutory Board of Review for the Veterans Administration, and on July 15,1948, that Board determined that her rating was made in accordance with the established procedure of the uniform rating system and that there was no basis for changing any of the assigned valuations. The rating of “Unsatisfactory” was sustained.
With respect to plaintiff’s allegation that in giving her an efficiency rating of “Unsatisfactory,” the administrative officials of the Veterans’ Administration abused their authority and discretion and acted in an arbitrary and capricious manner, it appears from the documents before the court, that plaintiff never appealed the rating on that basis although she was advised in a letter from her agency, dated August 22, 1947, that she might enter such an appeal under the provisions of VA Manual M5-4. Although plaintiff alleges that she has exhausted her administrative remedies, it appears that she has not done so with respect to this phase of the case. In her brief in opposition to defendant’s motion, and in support of her cross motion for summary judgment, plaintiff states that certain testimony given in a hearing before the Efficiency Rating Board of Review for the Veterans’ Administration in Washington on December 4, 1947, constituted an appeal from such arbitrary and capricious action. *337 Presumably plaintiff means that in her testimony she referred to alleged arbitrary actions on the part of the rating officials. If this be regarded as a protest and appeal on that ground, it must be presumed that it was considered and acted upon in the decisions rendered. Plaintiff has not alleged such an appeal in her petition and has not submitted any documents which indicate that such an appeal was specifically included in her appeal from the rating. The decision of the Board of Review contains no indication that such a claim or charge was made by plaintiff. It thus appears that plaintiff has not exhausted her administrative remedies, of which she was fully informed, with respect to the charge of arbitrary action now made by her, and in the absence of any allegations of specific facts to support the general charge, and lacking any indication of an appeal on that ground, plaintiff has failed to state a cause of action for which relief can be granted by this court.
Plaintiff’s next material allegation concerns an alleged procedural defect in that her official rating of “Unsatisfactory” was based upon her unofficial efficiency rating in violation of a Civil Service Regulation. Plaintiff refers for authority to the Federal Personnel Manual, p. El-6, dated September 9, 1946. The court may take' judicial notice of the contents of that Manual, and we set forth the contents of the portion referred to by plaintiff:
ADMINISTRATIVE-UNOEFICIAL RATINGS
Administrative-unofficial ratings are ratings which while permissible under the efficiency rating system, are required only by administrative authority of the department or agency.
They have none of the characteristics of official ratings enumerated above and are not subject to Civil Service Commission requirements.
They may be made, under instructions issued by a department or agency, to provide supplementary or other records of performance in such cases as when supervision changes, when an employee leaves the service, or when ratings are desired more frequently than once a year, as during probational periods. They shall not be used as a basis for within-grade salary advancement, or for salary reduction, demotion, or separation made under the rules prescribed on page El-25.
*338 At page El-25, under the heading “Salary Eeductions, Demotions, and Separations,” it is provided in part as follows:
Section 9 of the Classification Act, as amended, requires that “reductions in compensation and dismissals for inefficiency shall be made by heads of departments in all cases whenever the efficiency ratings warrant,” subject to the approval of the Civil Service Commission. * ' * *
$ $ $ $ $
No administrative-unofficial efficiency rating shall be used as a basis for taking action under these rules.
From the documents in the record, it does not appear that plaintiff’s reduction in grade and salary were made on the basis of her unofficial efficiency rating but rather on the basis of her official rating. The fact that her official rating and her unofficial rating both added up to “Unsatisfactory” performance of duties, does not mean that the official rating was merely an unthinking and unconsidered duplicate of the first unofficial one. The letter advising plaintiff of her unofficial rating, the prior conference concerning it, and the lapse of time between the two ratings, all indicate that her removal was clearly on the basis of the official and final rating prepared in April. In any event, plaintiff was advised of, and afforded all the proper opportunities to appeal her rating, which she appears to have done. In none of the decisions on her appeal is there any indication that plaintiff raised the point she now urges upon the court. If there was any merit to her contention that her demotion was based on the unofficial rating, it should have been called to the attention of the agency. Inasmuch as her appeals seem to have resulted in a full consideration of her rating on the merits, this particular allegation does not, in view of -the whole record before us, set forth a cause of action.
Finally, plaintiff contends that she was not given the warning required by law before receiving the official efficiency rating of “Unsatisfactory.” Plaintiff again refers to page El-6 of the Federal Personnel Manual. Pages El-5 and El-6 (“Kinds of Efficiency Eatings”), effective on September 9,1946, and throughout the period concerned in this suit, contain no provision for a specific warning period. At page El-13, dated August 7, 1945, agencies are advised of the *339 desirability of discussing proposed efficiency ratings with employees before the final rating is issued and it is stated in part:
Frank discussions on' these subjects should be held whenever necessary in order to develop and maintain the efficiency of every member of a working unit; if this has not been done during the rating period, it may be done during the preparation of the rating, before the rating is submitted to the reviewing official, after the rating has been completed and passed upon by the reviewing official, or after it is approved by the efficiency rating committee. In any case, it should be. done before the employee receives a cold, formal, unexplained notice of his rating.
The above material appears merely advisory, but in any event the record in this case reveals that the advice was substantially complied with. The decisions on plaintiff’s appeals indicate that her work was constantly being returned to her for the correction of serious inaccuracies. This in itself was a warning. She was informed orally, in February 1947, that her work was unsatisfactory, and on March 5, 1947, she was so informed in writing. Her final rating was not prepared until April 21, 1947. On November 24, 1947, the Federal Personnel Manual shows a new provision concerning the precise period of warning of the giving of an “Unsatisfactory” efficiency rating. At page El-6, it is provided in part as follows:
_ * * * No “Fair” or “Unsatisfactory” regular efficiency rating should be made, processed to final approval, or recognized as an official rating by any rating official, reviewing official, or efficiency rating committee, unless there is substantial evidence that the employee concerned was given a warning, not less than three months and not more than six months prior to the date when the regular rating is due, specifically informing him (a) how his performance fails to meet requirements, (5) how he may improve his performance, (<?) that he has the opportunity to bring about such improvement, and (d) that he will receive a “Fair” or “Unsatisfactory” rating if his performance does not improve to meet required standards.
The above rule appears fair and reasonable, but it does not seem to have been in effect during 1946, or the pertinent periods in 1947, so as to affect this plaintiff. The record indi *340 cates full compliance with the rules which were in effect, and accordingly plaintiff has made out no cause of action with respect to this matter.
This case presents an unfortunate set of circumstances from many points of view. Plaintiff, in little more than a year, received three promotions from CAF-5 to P-3. Within a few months of her promotion to P-3, her work was adjudged unsatisfactory and she was demoted to the grade of CAF-4. The inference is inescapable that her promotions came too fast for her to learn and adequately perform the duties of the higher grades. At the time of her ultimate demotion, the war was over and veterans were returning to fill their old positions and it was apparently impossible for the agency to find any position available to plaintiff which she was qualified to fill, other than the one she ultimately received.
On the basis of the petition and documents before the court, we hold that there is no genuine issue as to any material fact alleged and that upon the facts before the court the defendant’s motion for summary judgment must be granted as a matter of law, and the petition dismissed.
It is so ordered.
Howell, Judge; MaddeN, Judge; Whitaker, Judge; and Jones, Chief Judge, concur.

 37 Stat. 555, as amended by the Classification Act of 1923, 42 Stat. 1488; the Acts of June 30, 1932, 47 Stat. 382, 416 ; November 26, 1940, 54 Stat. 1211, 1215 ; August 1,1941, 55 Stat. 613. 614.

 Plaintiff refers to page El-6 of the Federal Personnel Manual.

 Plaintiff refers to'Transmittal Sheet N. 52, dated September 9, 1946, of the Federal Personnel Manual. ' '