Per Curlam :
This case was referred pursuant to Rule 45 (since April 1, 1964, Rule 57) to Mastín G. White, a trial commissioner of this court, with directions to make findings of fact and recommendations for conclusions of law. The commissioner has done so in a report filed May 29, 1963. Briefs were filed by the parties, exception was filed by the plaintiff to the commissioner’s opinion and recommendation for conclusion of law and the case was submitted to the court on oral argument of counsel. Since the court is in agreement with the findings of fact and recommendation of the trial commissioner, as hereinafter set forth, it hereby adopts the same as the basis for its judgment in this case. Plaintiff therefore, is not entitled to recover, and his petition is dismissed.
OPINION OF COMMISSIONER
On April 16, 1958, the plaintiff, who was then a civilian employee of the Department of the Army in Japan, received a reduction-in-force notice stating that he would be dismissed from the service on May 14,1958. At about the same time that he received the notice, the plaintiff also received orders directing that he return to the United States. Under these orders, the plaintiff was to be in a duty status while traveling to his residence in the United States, and thereafter he was to be in a leave status until his dismissal from the service pursuant to the reduction-in-force notice.
The plaintiff returned to the United States in accordance with the orders mentioned in the preceding paragraphs. He *529 was in this country on May 14,1958; and on that date, be was dismissed from the service of the Department of tbe Army pursuant to the reduction-in-force notice that he had received in Japan.
The plaintiff took an appeal to the Civil Service Commission with respect to his dismissal of May 14,1958. In a decision dated November 10,1959, the Commission held that the plaintiff’s dismissal was invalid because the Department of the Army had failed to give him the required 30 days’ advance notice of his prospective separation from the service.[1] The Commission directed that the plaintiff be restored to his position retroactively as of the day following the date of his dismissal.
After receiving the decision and directive of the Civil Service Commission, the Department of the Army on December 3,1959, notified the plaintiff, who was still in the United States, that his prior dismissal had been canceled and that he was restored to his former position. The Department of the Army restored the plaintiff to the payroll and paid him all his back pay to which he was entitled. However, the Department of the Army did not transport the plaintiff back to Japan and actually reinstate him in the position from which he had been dismissed under the invalid reduction-in-force proceedings in 1958; and although the Department of the Army restored the plaintiff to the payroll, it did not assign any duties to him in the United States. Instead, the Department of the Army on December 3,1959, issued to the plaintiff a new “Notice of Separation Due to Eeduction in Force,” stating that he would be separated from the service effective January 15, 1960.
The plaintiff was separated from the service by the Department of the Army a second time on January 15, 1960. He was paid his salary up to and including that date.
On April 29,1960, the plaintiff addressed to the Civil Service Commission a communication in the nature of an appeal respecting his separation from the service on January 15, 1960. However, his appeal was ultimately rejected by the *530 Commission on the ground that it had not been taken within 10 calendar days after the effective date (January 15, 1960) of the reduction-in-force notice dated December 3, 1959.[2]
It appears that the present action could appropriately be dismissed on the ground that the plaintiff failed to take timely advantage of the administrative remedy that was available to him by way of an appeal to the Civil Service Commission from his dismissal of January 15, 1960. Myers v. Bethlehem, Corporation, 303 U.S. 41, 50-51 (1938); United States v. Blair, 321 U.S. 730, 735-737 (1944); United States v. Holpuch Co., 328 U.S. 234, 239-240 (1946). It is not necessary, however, to base the disposition of the case solely upon this ground.
The petition indicates that the plaintiff’s claim is based upon the fact that, after his dismissal of May 14, 1958, and the subsequent proceedings before the Civil Service Commission, the Department of the Army “failed to physically restore plaintiff to his position as directed by the US Civil Service Commission in its decision of November 10, 1959.” The plaintiff’s counsel has not filed any brief for the consideration of the commissioner and the petition does not articulate 'his legal theory with clarity. However, the action is evidently based upon the theory that since the Civil Service Commission in its decision of November 10, 1959, directed the Department of the Army to restore the plaintiff to his position, and since Section 19 of the Veterans’ Preference Act of 1944 (58 Stat. 387, 391), as amended by the Act of June 22, 1948 (62 Stat. 575), provided in part “That any recommendation by the Civil Service Commission, submitted to any Federal agency, on the basis of the appeal of any preference eligible, employee or former employee, shall be complied with by such agency,” the Department of the Army was under a legal duty to transport the plaintiff to Japan and reassign to him the duties that he had been performing in Japan as of the time when he received the 1958 reduction-in-force notice.
Even if it is assumed for the purpose of this discussion that the Department of the Army was under such a legal *531 duty, the plaintiff still has not shown any entitlement to a recovery in the present case, because he has not shown that he sustained any financial loss because of the failure of the Department of the Army to discharge its legal obligation. Willems Industries, Inc. v. United States, 155 Ct. Cl. 360, 376 (1961), 295 F. 2d 822, 831, cert. denied, 370 U.S. 903. Wright v. Brush, 115 F. 2d 265, 267 (10th Cir., 1940). The plaintiff was restored to the payroll by the Department of the Army pursuant to the decision and directive of the Civil Service Commission; and he not only received all the back pay to which he was entitled, but he also received his salary thereafter so long as he remained in the service. The fact that the plaintiff was physically in the United States and not working while receiving his salary subsequent to his restoration to the payroll, instead of actually working in Japan, would not entitle the plaintiff to a monetary judgment against the United States.
The petition does not allege, and there is no evidence in the record to prove, that the plaintiff’s second separation from the service on January 15,1960, pursuant to the reduction-in-force notice of December 3,1959, was invalid or irregular in any way. In the absence of clear evidence to the contrary, it must be presumed that the officials of the Department of the Army acted properly in effecting the plaintiff’s separation from the service on January 15, 1960. United States v. Chemical Foundation, 272 U.S. 1, 14-15 (1926); Slavitt v. United States, 155 Ct. Cl. 606, 613 (1961), cert. denied, 370 U.S. 938.
The petition makes the bare assertion that the “failure to physically restore plaintiff to his position denied him access to all the records necessary to file his second appeal when he was again dismissed on January 15, 1960.” However, the petition does not state, and there is no evidence to show, what records the plaintiff would have had access to in Japan that he could not arrange to examine in the United States, or in what way the access to such additional records (if any) would have enabled him to avoid the separation from the service on January 15, 1960, pursuant to the reduction-in-force notice dated December 3, 1959. As this court said many years ago in the case of Field v. United *532 States, 16 Ct. Cl. 434, 450 (1880), a claimant must prove Ms case, and if be fails to sustain tbe burden of proof that is upon bim, tbe fault or tbe misfortune is his own, and he must abide tbe consequences.
In my opinion, tbe plaintiff has not shown that be is entitled to recover. Accordingly, I recommend that tbe petition be dismissed.
FINDINGS OF FACT
1. The plaintiff, a civilian, was employed by the Department of the Army and was assigned to the Judge Advocate Division, Headquarters, Camp Drake, Tokyo, Japan, when on April 16, 1958, be received a reduction-in-force notice bearing the date of April 15, 1958, and specifying that be would be dismissed on May 14,1958.
2. The plaintiff was, in fact, dismissed on May 14, 1958, pursuant to the notice mentioned in finding 1. At that time, tbe plaintiff was in tbe United States in a leave status, having returned pursuant to orders under which be was in a duty status while traveling to Ms residence and thereafter in a leave status.
3. Subsequently, tbe plaintiff appealed bis dismissal of May 14,1958, to tbe United States Civil Service Commission.
4. The Civil Service Commission, in a decision dated November 10, 1959, directed that tbe plaintiff be restored to bis position retroactively as of tbe day following tbe date of bis dismissal. Tbe basis of tbe Commission’s decision was tbe failure of tbe Department of the Army to give tbe plaintiff tbe required full 30 days’ advance notice of bis separation from the service.
5. By a letter dated December 3, 1959, the plaintiff was advised by C. A. Blewett, Jr., Civilian Personnel Officer of the 6th Logistical Command in Japan, that his prior dismissal action bad been canceled and that be was restored to bis former position in accordance with tbe decision of the Civil Service Commission.
6. Tbe plaintiff was not physically returned to Japan in connection with his restoration referred to in finding 5. He remained in tbe United States.
7. Tbe plaintiff was subsequently paid tbe back pay to *533 which he was entitled for the period of his unlawful separation, and such amount is not in dispute.
8. Under the date of December 3, 1959, the Civilian Personnel Officer of the 6th Logistical Comand sent a “Notice of Separation Due to Reduction in Force” to the plaintiff in Washington, D.C. This notice stated in part as folows:
1.This is to advise you that due to the abolishment of the position which you occupy, your separation by reduction in force is required. Reduction in force regulations which gives [sic] full consideration to veteran preference, civil service tenure, length of federal service, and work performance have been followed in selecting employees to be affected because of the abolishment of position. The retention register indicates your retention standing is as follows:
a. Title, Grade & Salary: Attorney-Advisor (General), Z-2934 GS-970-12x, $9,770.00 per annum
b. Competitive Area: ÜSARJ
e. Competitive Level: ZCL-12-57
d. Retention Sub-Group: I A
2. Unless reassignment to an available position can be effected, your active service as a Department of the Army Civilian employee will be terminated effective 15 January 1960. During the first ten (10) work days of the notice period, which begins 11 December 1959, you will be in an active duty status, unless annual leave or leave without pay is granted at your request. For the balance of notice period, you will be placed on annual leave. Accumulated annual leave not to exceed 45 leave days, or annual leave that you had to your credit at the beginning of the leave year, whichever is greater, will be paid for in a lump sum with your final salary check. In the event you have annual leave to your credit in excess of this amount, the excess annual leave should be used prior to the above separation date, unless your services are required. You have been on the rolls in a duty status from 20 May 1958 through 11 December 1959.
3. Inasmuch as you are in the excepted service, you have reassignment rights to any position of the same or lower grade in your competitive area for which you are fully qualified, and which is either vacant, occupied by an employee in a lower retention subgroup, or occupied by an employee with lower retention standing in the same subgroup if the position is the same (or essentially the same) as one from which you have been promoted. It *534 has been determined that there is no position available which cotdd be offered to you.
4. Civil Service rules and regulations governing reduction-in-force, and the retention registers and records affecting your case, will be available in the Office of the Civilian Personnel Officer, Headquarters U.S. Army Japan and 6th Logistical Command, APO 343, for your inspection at any time during this notice period. You may write to the Civilian Personnel Officer if you have any questions pertaining to this action. If after inspection of these records, you feel that your rights have been violated, you have the right to file an appeal under the Department of the Army grievance procedures, or you may appeal direct to the Manager, Branch Office, United States Civil Service Commission, Federal Building, Honolulu 2, Hawaii, any time from date of receipt of this notice up to but not later than ten (10) calendar days after the effective date of the action. * * *
5. It is requested that you acknowledge receipt of this letter by completing the attached USAKJ Form 1218, and returning it to this office within three (3) workdays from date of receipt of this notice.
9. The plaintiff was separated from the service effective January 15,1960, pursuant to the notice referred to in finding 8.
10. The plaintiff continued to receive his pay up to and including January 15, 1960. There is no controversy with respect to any amount of pay due the plaintiff as of or prior to that date.
11. On January 22, 1960, the plaintiff responded to the notice that is set out in finding 8. He stated in part as follows:
In as much as I was not returned to japan pursuant th the decision of the commission, notification that I began "active duty"there on 11 December 1959 is meaning less [sic]. This is a paper transaction of some sort which does not constitute restoration to the position. Rather than compliance it appears to be a circumvention of the decision of the Commission***
3 O 1 tj*8 go sr. ® I p g PCK! g O S-oi 1 — I CO c-t- £ Jg CD O ^ tS ill'* ' CO Sf g o si ® o « P ® i-rt P PjS+h ■ S-mST? 5 03 R P <D o CO 0) H «h PM+5 ° o fi __ 10 &J0 nP ri -B &t).3 ft's r£f 03 N > CD m zn C g ct- £T.hj p a o ?= p-p © B BaM CD 1 a b cte *535 know wbat the USAKJ competitive area is. I do not know [what] competitive level ZCL-12-57 is. Am I competing with the GS-12 attorneys in the Yokohama area? * * *
12. Under the date of March 4,1960, the Civilian Personnel Director of the 6th Logistical Command wrote a letter to the plaintiff, stating in part as follows:
Inasmuch as no position existed to which you could have been physically restored in Japan, this requirement was fulfilled by “paper” restoration, effective 11 December 1959, and a new reduction-in-force action was processed. To help you understand your relative standing in the action, a copy of the retention register is inclosed. This register reflects all the Attorney-Advisor, GS-12 positions in existence, as of the date the action was taken, within the United States Army Japan competitive area. A competitive level consists of all positions within a competitive area which are sufficiently alike in duties, responsibilities, pay systems, and grade that the incumbent of any one of them could be moved to any other without undue interruption to the work. United States Army Japan competitive area includes all Army installations within Japan (including Yokohama) with the exception of US Army Audit Agency, US Army Command Becon-naissance Activity, Pacific, Military Advisory Assistance Group, Japan, and the US Army Logistical Depot, Japan, all of which are in separate competitive areas by themselves. There are no other positions in existence at a lower grade within the excepted service to which reassignment could have been offered.
13. On April 29,1960, the plaintiff addressed to the Board of Appeals and Beview, Civil Service Commission, a communication in the nature of an appeal respecting his separation from the service on January 15, 1960. The plaintiff stated (among other things) that “It is the conclusion of appellant that he was illegally discharged by the Government and has not been legally reinstated”; and he requested “that the separation action of Jan. 15,1960 be cancelled and the appellant ordered restored to active duty and pay status retroactive to the date of separation.”
14. On May 11, 1960, the Chairman of the Board of Appeals and Beview, Civil Service Commission, responded to *536 tbe plaintiff’s communication of April 29, 1960 (see finding 13), and stated in part as follows:
Compliance with the Board’s decision on your appeal from the reduction-in-force effective May 14,1960 [sic], was accomplished by the agency through cancellation, as instructed by the Board, of the Notifications of Personnel Action in your case dated April 23, October 27, and November 28,1959. This restoration did not render you immune from further action by reduction in force, nor did it require that you be transported back to Japan, particularly as it developed that you were issued a new notice proposing separation within 30 days of the issuance of the Board’s decision, and, effective January 15, 1960, you were separated under the notice. In this connection, .it is noted that the provision of the Eetention Preference Eegulations cited in your letter is not a current provision.
rjí rfí Sfi
You also indicated in your letter that you desire to appeal to the Commission in the matter of the reduction-in-force action by which you were affected on January 15, 1960. The period prescribed for filing a reduction-in-force appeal expired ten calendar days after the effective date of that action. If you nevertheless wish to pursue the matter with the Commission, your appeal should be submitted in writing to the Manager, Branch Office, U. S. Civil Service Commission, Federal Building, Honolulu 2, Hawaii, together with evidence that circumstances beyond your control prevented you from filing the appeal within the prescribed period.
15. On May 18, 1960, the plaintiff addressed a communication to the manager of the Civil Service Commission’s branch office in Honolulu, Hawaii, stating in part as follows:
Eeference is made to an appeal, dated April 29,1960, submitted by undersigned to the U. S. Civil Service Commission, copy of which is attached and which is incorporated in this appeal.
$ $ $ * ‡
Any appeal must, of necessity, be based on a full understanding of the facts and records affecting the case and here such information was available at the Office of the Civilian Personnel Officer, USAEJ, “for your inspection at any time during this notice period.” In other words what the Notice of December 3, 1959 says is simply this, “if you so desire, stop at our office, *537 pay your own expenses to Camp Zama, Japan, and we’ll hear yon and show yon records, bnt get here before Jan. 15,1960”. The office in question is over 7000 miles from where appellant is located and it was quite impossible for 'him to take advantage of this grudging concession.
These are circumstances of essential information not available and beyond the control of appellant which delayed filing this appeal.
16. On May 23, 1960, the manager of the Civil Service Commission’s branch office in Honolulu, Hawaii, wrote a letter to the plaintiff, stating in part as follows:
With reference to your desire to appeal from the reduction-in-force action effective January 15, I960., as you were advised by the Board of Appeals & Review, U.S. Civil Service Commission, Washington, D.C., in its letter of May 11, 1960, appeals of this nature must be filed not later than 10 calendar days after the effective date of the action. This time limit may not be extended unless the employee establishes that he was not notified of the applicable time limit and was not otherwise aware of the limit, or that circumstances beyond his control prevented him from filing an appeal within the prescribed time limit. It is noted that the reduction-in-force notice dated December 3, 1959, to be effective January 15, 1960, specifically advised you that any appeal to the Commission should be filed not later than 10 calendar days after the effective date of the action.
You are hereby offered an opportunity to submit such statement as you may desire as to the reasons why you feel your appeal should not be denied on the ground that it was not filed within the time limit provided by regulation. If a reply to this letter is not received within 10 days from this date, namely June 2, 1960, your appeal can receive no further consideration.
17. On May 28, 1960, the plaintiff wrote a letter to the manager of the Civil Service Commission’s branch office in Honolulu, Hawaii, and stated in part as follows:
In regard to the ten day appeal period referred to in your letter of May 23, 1960 this limitation was made in contemplation of normal conditions where an appellant has ready access to records and documents upon which to base an appeal. As pointed out in letter of May 18,1960 such conditions did not prevail in the case *538 under consideration. Under circumstances beyond appellant’s control agency official delayed until March 4, 1960 the mailing of essential documents pertaining to the case and after receipt it was noted appellant was placed on a register and in a competitive level where he could not compete with other attorneys of the same grade in the local commuting area who have less service.
18. On June 2, 1960, the manager of the Civil Service Commission’s branch office in Honolulu, Hawaii, wrote a letter to the plaintiff, stating in part as follows:
It is noted that your first reference to an appeal from this action was dated April 29,1960, aproximately three months after expiration of the time limit placed on such appeals, namely, not later than ten days following the effective date of the action, and that it was addressed to the U.S. Civil Service Commission, Board of Appeals and Review, Washington, D.C. The agency’s reduction-in-force notice to you specifically advised you of your right of appeal to this office and of the established time limit for filing such an appeal.
You indicated in your letter of May 28, 1960 that the reason for your failure to file within the required time limit was because your agency “delayed until March 4, 1960 the mailing of essential documents pertaining to the case * * * .” In this connection, it is noted that your letter to Headquarters, U.S. Army, Japan requesting these “essential documents” was not sent until January 22, 1960, which was seven days after the effective date of the reduction-in-force action and only three days prior to the expiration of the ten-day period established for the filing of appeals before the Commission in such cases. It is further noted that although Headquarters, U.S. Army, Japan replied to your request for this specific information on March 4, 1960, your first letter regarding your desire to appeal the action was not forwarded to the Commission until April 29, 1960. Furthermore, the Board of Appeals and Review’s reply to your letter was dated May 11, 1960 and your appeal to this office was not dated until May 18, 1960.
It is the opinion of this office that the foregoing clearly establishes that you have not acted on a timely basis in connection with the various aspects of your case and that the information furnished this office by you fails to establish that circumstances beyond your control prevented you from filing an appeal with the Commission within the time limit of ten days following the effective date of the reduction in force. This appeal is, therefore, denied *539 on the grounds that it was not filed within the time limit provided by regulation.
19. On June 8, 1960, the plaintiff wrote a letter to the Board of Appeals and Beview, Civil Service Commission, appealing from the adverse action of the Commission’s branch office in Honolulu, Hawaii. The appeal stated in part as follows:
As stated in previous correspondence, appellant was not restored to active duty. The procedure invoked by the agency official was not followed; appellant was entitled to a good faith compliance with the procedure, and, in the absence of same, undoubtedly, his rights have been violated.
20. On July 26, 1960, the Chairman of the Board of Appeals and Review, Civil Service Commission, wrote to the plaintiff, and stated in part as follows:
With regard to the timeliness of your appeal from your reduction-in-force separation of January 15, 1960, the Board has fully considered the prior record pertinent to this matter, including the representations which you submitted to the Honolulu Branch Office concerning the delayed filing of your appeal. The record shows that in the reduction-in-force notice issued to you under date of December 3, 1959, you were properly and fully advised of your right to file an appeal with the Commission at any time after your receipt of the notice and within ten calendar days after the effective date of the action. Under date of January 22, 1960, you requested that your agency furnish you with certain documents and information pertinent to your case, and the agency’s response was mailed to you on March 4,1960. Although some delay may be indicated in the date of the agency’s response to your request, the record also shows that you undertook no further action in the matter until April 29, 1960, on which date you submitted your initial appeal from your January 15 separation. That appeal was misdirected to the Board of Appeals and Review. Following the Board’s information letter of May 11,1960, you properly directed your new appeal to the Honolulu Branch Office, in accord with the Board’s advice to you.
In view of the record establishing that you were properly informed relative to the procedure for filing timely appeal to the Civil Service Commission, and in the absence of a showing that your appeal was delayed by circumstances beyond your control, the Board can find no *540 basis for accepting your late appeal. Under the circumstances, the Board of Appeals and Eeview affirms the previous decision of the Twelfth Eegion’s Honolulu Branch Office, rejecting your appeal as untimely filed.
CONCLUSION OF LAW
Upon the foregoing findings of fact, which are made a part of the judgment herein, the court concludes as a matter of law that the plaintiff is not entitled to recover, and the petition is therefore dismissed.

 This requirement was imposed by Section 14 of the Veterans’ Preference Act of 1944 (58 Stat. 387, 390), as amended by the Act of August 4, 1947 (61 Stat. 723).

 Such a time limitation on appeals to the Clyll Service Commission was prescribed by 6 CFR, 1960 Pocket Supp., 20.9(a).