Jerome J. PINE

v.

The UNITED STATES.

No. 203–65.

United States Court of Claims.

Jan. 20, 1967.

Carl L. Shipley, Washington, D. C., attorney of record, for plaintiff; Samuel Resnicoff, New York City, and Shipley, Akerman & Pickett, Washington, D. C., of counsel.

Edwin J. Reis, Washington, D. C., with whom was Asst. Atty. Gen., Barefoot Sanders, for defendant.

Before COWEN, Chief Judge, and LARAMORE, DURFEE, DAVIS and COLLINS, Judges.

PER CURIAM:

Plaintiff, a veterans' preference eligible, was removed on charges from his employment with the Army Pictorial Center in New York. Timely appeals were taken to the Civil Service Commission's regional office and to the Commission's Board of Appeals and Review, both of which sustained the removal. Plaintiff has moved for summary judgment on the single ground that his removal was unlawful in that, despite two requests by him that his supervisor and a fellow-employee be made available for cross-examination at the Civil Service Commission hearing, those witnesses were not produced. Cf. Williams v. Zuckert, 371 U.S. 531, 83 S.Ct. 403, 9 L.Ed.2d 486; 372 U.S. 765, 83 S.Ct. 1102, 10 L.Ed.2d 136 (1963). He points out that in March 1966 (some nine months after this suit was begun in June 1965, and some 14 months after the decision of the Board of Appeals and Review in January 1965) the Civil Service Commissioners, in the light of Williams v. Zuckert, supra, reopened his appeal to the Commission and afforded him a new hearing at which the two fellow-employees would testify. This action of the Commission, plaintiff says, amounted to the admission of a vital error in the original procedure leading to his removal. Defendant has opposed this motion on several grounds, and also countered with a request to stay proceedings in this court pending the completion of the reopened administrative proceeding.

■ The only basis of defendant's opposition which we need consider is the point that plaintiff did not properly preserve, in the Civil Service Commission proceedings, the issue of the Government's failure to produce the witnesses, and therefore that plaintiff cannot predicate a claim in this court on that alleged failure to produce. The decision of the Commission's New York Region (dated May 15, 1964) indicates that plaintiff, in his appeal from the employing agency to the Commission's regional office, did insist that he had a right to cross-examine the two witnesses at the de novo Commission hearing. However, in his appeal brief to the Commission's Board of Appeals and Review, plaintiff's counsel made no mention whatever of the regional office's failure to accord him this right. Rather, his argument before the Board was founded on other asserted procedural errors and on the weight and sufficiency of the evidence against him. We hold that the omission to present this particular issue to the Board of Appeals and Review amounted to a failure to exhaust his administrative remedy on that question, and precludes plaintiff's seeking relief in this court on that specific ground.

■ This court has long said that a federal employee who asserts that he has been improperly discharged or demoted cannot normally come here unless he has pursued such administrative remedies as he has, as of right, before the Civil Service Commission. Martilla v. United States, 118 Ct.Cl. 177, 179–180 (1950); Adler v. United States, 146 F. Supp. 956, 958, 134 Ct.Cl. 200, 203 (1956), cert. denied sub nom. Baker v. United States, 352 U.S. 894, 77 S.Ct. 131, 1 L.Ed. 2d 87; Long v. United States, 148 Ct.Cl. 4, 9 (1960); Indiviglio v. United States, 299 F.2d 266, 267, 156 Ct.Cl. 241, 242 (1962), cert. denied, 371 U.S. 913, 83 S.Ct. 260, 9 L.Ed.2d 173; George v. United States, 166 Ct.Cl. 527, 530 (1964), cert. denied, 379 U.S. 929, 85 S.Ct. 325, 13 L.Ed.2d 341; see, also, Alpert v. United States, 161 Ct.Cl. 810, 816 (1963) (intra-employing agency appeal); Dixon v. United States, 122 Ct.Cl. 332, 336–337 (1952) (same).[1] Failure to do so pre-

1. There is an exception to this requirement where the employee is told that pursuit of an alternative remedy within the agency would foreclose appeal to the Commission. See Cuiffo v. United States, 137 F.Supp. 944, 948–949, 131 Ct.Cl. 60, 67–68 (1955); Adler v. United States, supra, 146 F.Supp. at 958, 134 Ct.Cl.

cludes judicial consideration of the points he could have, but did not, present to the Commission. This principle is applicable not only to a total omission to seek review by the Commission but also to a failure properly to present a particular claim of error which could and should have been made to the Commission. In *Indiviglio, supra,* we said:

Of course, if plaintiff's allegation is aimed at a procedural error, it is incumbent upon him to appeal the dismissal to the Civil Service Commission. Plaintiff did not process an appeal to the Civil Service Commission based on a violation of procedures, and his failure in this respect would necessarily bar this action.

In the *Alpert* and *Dixon* cases, *supra,* the court likewise refused to consider specific claims of error which the employee had not raised administratively.

■ We know of no reason why this rule should be inapplicable to an appeal as of right to the Commission's Board of Appeals and Review. For the cases within its competence, that body is the ultimate tribunal within the Commission (except for the discretionary review by the Commissioners) to decide and correct errors which have occurred in the removal process. The principles underlying the exhaustion doctrine require the employee to preserve and present to this Board all the claims (which it can consider) before he can rely on those errors in a court proceeding. To re-phrase what we said in Long v. United States, *supra:* "We think it would be quite intolerable that, Congress having given the Commission the authority to hear and decide cases, a litigant might withhold [an] important, perhaps decisive, [point] from the [Board of Appeals and Review], and later seek to present it in this court. The requirement that a party exhaust his administrative remedies would be made meaningless if such conduct were permitted." See, also, Blackmar v. United States, 354 F.2d 340, 346–347, 173 Ct.Cl. 1035, 1044–1045 (1965).

There are no unusual circumstances (see footnote 1, supra) excusing plaintiff's failure to raise this question before the Board of Appeals and Review. Williams v. Zuckert, *supra,* had been decided more than a year before his appellate brief was filed. The need to cross-examine the two witnesses was affirmatively pointed out to the Commission's regional office, and was therefore known to plaintiff and his representative. In the closing paragraph of its decision, the regional office notified plaintiff of his right of appeal to the Board and added that "If a further appeal is made, therefore, *all arguments* and evidence relating to the appeal must be in writing" (emphasis added). Plaintiff was represented on appeal to the Board by an attorney but nevertheless omitted to preserve this point, choosing to urge others.

For these reasons, plaintiff cannot found any claim in this court on the failure to produce the two witnesses for cross-examination. Since his present motion for summary judgment is restricted to that point, we must deny it. The petition pleads other alleged (and unrelated) grounds for holding the removal invalid—grounds which are not yet ripe for disposition by the court—and we therefore return the case to the trial commissioner for further proceedings on those remaining aspects of the case.[2]

at 203–204; Morelli v. United States, 161 Ct.Cl. 44 (1963); Cunningham v. United States, 161 Ct.Cl. 82 (1963). There may also be other exceptional circumstances excusing pursuit or exhaustion of the administrative remedy. See Adler v. United States, supra, 146 F.Supp. at 958, 134 Ct.Cl. at 203; Mallow v. United States, 161 Ct.Cl. 207, 212 (1963).

**2.** As for defendant's motion to stay proceedings, the reopened administrative proceedings have now been completed. Defendant agrees that this has made its motion moot, and has withdrawn the request for a stay. It is therefore unnecessary for the court to act upon it. It is also unnecessary at this time to consider the effect or propriety of the reopened proceedings, as well as the impact of plaintiff's failure to appeal the supplementary decision (after reopening) to the Board of Appeals and Review.