Civilian Pay; exhaustion of administrative remedies.— Plaintiff’s appeal to the Civil Service Commission Regional Office seeking job reclassification from GS-7 to GS-9 because of the complexity of his position was denied. He also included a general allegation of discrimination but did not present supporting incidents. In his suit in this court, plaintiff contends that the Civil Service Commission arbitrarily failed to schedule his occupation as involving hazard to his eyes, and that he should have been classified GS-11. Alternatively, plaintiff claims that the Commission arbitrarily failed *774 to establish a schedule of pay differentials for his alleged hazardous duties. This case comes before the court on. defendant’s motion for summary judgment. Upon consideration thereof, together with the opposition thereto, without oral argument, the court concludes that plaintiff has failed to exhaust his administrative remedy. In its order dated October 29, 1971 granting defendant’s motion and dismissing the petition, the court cites Pine v. United States, 178 Ct. Cl. 146, 150, 371 F. 2d 466, 468 (1967), where the court said: “[t]he principles underlying the exhaustion doctrine require the employee to preserve and present to this Board [Board of Appeals and Be view] all the claims (which it can consider) before he can rely on those errors in a court proceeding.” On January 21, 1972 the court denied plaintiff’s motion under Rule 151 for rehearing.