Oimilian pay; dismissal; failure to exhaust administrative remedies; arbitrary and capricious action. — On October 26, 1973 the following order was issued in the above-identified case.
Before Daws, Judge, Presiding, Nichols and Kuasrzio, Judges.
“This case comes before the court on defendant’s motion, filed January 8,1973, and plaintiff’s cross-motion, filed February 6,1973, for summary judgment, having been submitted to and considered by the court on oral argument of counsel and the briefs of the parties.
*1126 “The plaintiff does not contest that he used the language and engaged in the threatening conduct charged against him and found by the agency and the Civil Service Commission. Insofar as he now claims procedural violations with respect to his hearing, the points were not raised before the Civil Service Commission and are therefore not open in this court. See Haynes v. United States, 190 Ct. Cl. 9, 418 F. 2d 1380 (1969); Pine v. United States, 178 Ct. Cl. 146, 371 F. 2d 466 (1967). The claim, made on oral argument, that the hearing should have preceded Iris removal was not even made in any of the pleadings, motions, or briefs filed in this court prior to oral argument. Plaintiff’s claim of harassment was administratively found, on substantial evidence, not to 'be proved, and this finding must be accepted here.
“The major challenge is that the penalty of removal was arbitrary and discriminatory. In view of the history of plaintiff’s prior difficulties and infractions, taken together with the aggravated nature of the present offense, the court cannot hold that, whatever we might have done if the choice were ours, the agency or the Commission acted arbitrarily or capriciously in deciding that removal was warranted. As for the claimed discrimination, the court rejects the point in two separate grounds: first, there is insufficient showing that the other instances cited by plaintiff are truly comparable, and, second, plaintiff’s affidavits citing these instances which allegedly show discrimination should have been presented to the Civil Service Commission and there is no adequate excuse for the failure to do so.
“it is therefore ordered that defendant’s said motion for summary judgment be and the same is granted, plaintiff’s like cross-motion is denied and plaintiff’s petition is dismissed.”