91 F.3d 168
 NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Joseph MARCHESE, Petitioner,
v.
DEPARTMENT OF the NAVY, Respondent.
 No. 95-3559.
 United States Court of Appeals, Federal Circuit.
 May 30, 1996.
 
 Before ARCHER, Chief Judge, MICHEL and PLAGER, Circuit Judges.
 PER CURIAM.
 
 
 1
 Joseph Marchese ("Petitioner") appeals the decision of the Merit Systems Protection Board ("Board") affirming Petitioner's demotion from Historian, a GS-13 position, to Technical Publications Writer, a GS-12 position, under reduction-in-force ("RIF") procedures.[1] Petitioner asserts that the RIF was merely a pretext for demoting him based on two reasons personal to him: first, that he made a protected disclosure to the Office of Special Counsel ("OSC") under the Whistleblower Protection Act, 5 U.S.C. § 2302(b)(8)(B)(i) (1994), and second, that Ms. Genie McBurnett, the official to whom the body that demoted Petitioner reported, harbored personal anger towards him and stated or suggested that he should be fired. The Board found that Petitioner had not proved that either his disclosure to OSC or Ms. McBurnett's feelings contributed to his demotion. Because we conclude that the Board's decision is supported by substantial evidence on the record, we affirm.
 
 
 2
 The agency purported to demote Petitioner as part of a reorganization in 1992 that disestablished the Director of Navy Laboratories, the former repository of Petitioner's history program, transferred responsibility for the history program to the Navy Laboratory/Center Coordinating Group ("NLCCG"), and tasked the NLCCG with, among other duties, addressing "unwarranted duplication and inter-command cooperation." An agency must apply reduction-in-force regulations when it reduces in grade an employee as a result of a reorganization. 5 C.F.R. § 351.201(a)(2) (1995) ("Each agency shall follow this part when it releases a competing employee from his or her competitive level by ... demotion, or reassignment requiring displacement, when the release is required because of ... reorganization....").
 
 
 3
 A RIF may not be used as a disguised adverse action to remove or demote a particular employee, Gandola v. Federal Trade Comm'n, 773 F.2d 308, 312 (Fed.Cir.1985), and the agency bears the burden of proving, by a preponderance of the evidence, that the RIF procedures were properly invoked. Wilburn v. Department of Transp., 757 F.2d 260, 262 (Fed.Cir.1985); Losure v. Interstate Commerce Comm'n, 2 M.S.P.R. 195, 202-02 (1980). However, the agency has wide discretion in conducting a reduction in force, and this court will not disturb a reduction in force absent a clear abuse of that discretion. Gandola, 773 F.2d at 313; see also Bacon v. Department of Housing and Urban Development, 757 F.2d 265, 268 (Fed.Cir.1985) ("An agency is accorded wide discretion in conducting a reduction-in-force; absent a clear abuse of that discretion, a substantial departure from applicable procedures, a misconstruction of governing statutes, or the like, we do not upset a final agency decision.") (quotations omitted). In addition, agency personnel are presumed to take administrative action in good faith absent clear and convincing evidence to the contrary. See Dancy v. United States, 668 F.2d 1224, 1226 (Ct.Cl.1982) (citations omitted); George v. United States, 166 Ct. Cl. 527, 529 (1964) (citations omitted).
 
 
 4
 The NLCCG officials deliberated about the future of the history program--and the staff positions affected, including Mr. Marchese's--from January through August of 1992. The Administrative Judge ("AJ") credited Mr. Law's testimony that he finally decided on August 5, 1992 to recommend to Dr. Blatstein that Petitioner's position be abolished "because he did not believe the services of a historian would be utilized or funded"; that he discussed the matter with Dr. Blatstein that same day; that on August 6 he prepared a presentation for Dr. Blatstein to use in making this recommendation to the NLCCG; and that he first learned of Petitioner's e-mail message to Mr. Marshall, indicating that Petitioner had contacted the OSC, on August 11. Based on these findings, the AJ concluded that Petitioner's protected disclosure could not have been a contributing factor to the agency's decision to abolish his position.
 
 
 5
 On appeal, Petitioner contends that the AJ's findings are unsupported by substantial evidence. See 5 U.S.C. § 7703(c) (1994). The AJ's conclusions relied primarily on her assessment of Mr. Law's testimony concerning the dates on which he learned of the disclosure and made his decision to recommend eliminating the Historian position. Credibility determinations by the Board are "virtually unassailable" and may be disturbed by this court only if they are inherently improbable or discredited by undisputed fact or physical fact. Hagmeyer v. Department of Treasury, 757 F.2d 1281, 1284 (Fed.Cir.1985) (quotation omitted).
 
 
 6
 Petitioner argues that the facts discredit the AJ's reliance on Mr. Law's testimony and render Mr. Law's version of the RIF decision inherently improbable. We have carefully reviewed Petitioner's submissions and the record evidence provided by both parties in this case to evaluate the merits of Petitioner's claims. Although we believe that the AJ should have adhered more closely to the four-step analysis for making credibility determinations outlined in Hillen v. Department of the Army, 35 M.S.P.R. 453 (1987) (AJ must identify the factual questions in dispute, summarize all of the evidence on each disputed question of fact, state which version he or she believes, and explain in detail why the chosen version was more credible than the other version), ultimately we conclude that the Board's determination should not be disturbed. The AJ had the opportunity to witness Mr. Law's testimony and assess his credibility first-hand. Petitioner emphasizes that Mr. Marshall did not testify to corroborate Mr. Law's statements concerning the date on which Mr. Marshall read and shared Petitioner's message concerning his protected disclosure. But it is Mr. Law's testimony and not Mr. Marshall's that is critical to the case. It is the date on which Mr. Law made his decision to recommend abolishing Petitioner's position, and not the date Mr. Marshall read or received the message, that matters. Although Petitioner's interpretation of the evidence is not unreasonable, the record evidence concerning the proposed fate of Petitioner's history program is not so clear cut as to render Mr. Law's explanation of events inherently improbable.
 
 
 7
 We likewise discern no error in the Board's finding that Petitioner's demotion did not result from Ms. McBurnett's dissatisfaction with Petitioner's work or remarks that he should be fired. Petitioner's observation that Ms. McBurnett served as the liaison to the NLCCG for the Assistant Secretary of the Navy (Research, Development, and Acquisition) is insufficient to demonstrate or suggest otherwise.
 
 
 8
 Accordingly, the decision of the Board is affirmed.
 
 
 9
 Each party to bear its own costs.
 
 
 
 [1]
 Docket No. DC-0351-93-0555-B-1 (May 2, 1995). The Administrative Judge's decision became final after the full Board denied Petitioner's Petition for Review. See 5 C.F.R. § 1201.113(b) (1995)