No. 84–337. CRUMPACKER v. INDIANA SUPREME COURT DISCIPLINARY COMMISSION.

CHIEF JUSTICE BURGER.

I agree that we should dismiss this appeal for want of a substantial federal question, but I would go beyond that. This effort to invoke the Court's jurisdiction on an utterly frivolous claim should subject the attorney who filed the jurisdictional statement to the sanction of Rule 49.2 of this Court.

Appellant Owen W. Crumpacker, formerly a licensed attorney in a Hammond, Indiana, law firm was disbarred by order of the Indiana Supreme Court on November 29, 1978. *In re Crumpacker*, 269 Ind. 630, 383 N. E. 2d 36 (1978), cert. denied 444 U. S. 979 (1979). Appellant continued to practice law despite his disbarment. On February 11, 1982, following a hearing, the I iana Supreme Court held appellant in contempt for defying the 78 disbarment order; appellant was also held in contempt as a resi ʰ of his disruptive behavior during the hearing and served a 90-ι ⌄ sentence for the contempt. *In re Crumpacker*, 431 N. E. 2d 91. His appeal was dismissed for want of a substantial federal question, 459 U. S. 803 (1982).

On release, appellant continued to ignore the Indiana Supreme Court's disbarment order. On July 25, 1983, the Indiana Supreme Court Disciplinary Commission filed another complaint against appellant, alleging that he was again practicing law without a license. After appellant failed to appear at the hearing scheduled for November 15, 1983, despite being duly notified, the Indiana Supreme Court ordered that a warrant issue for appellant's arrest. Appellant was apprehended on April 4, 1984, and brought before the Indiana Supreme Court to show cause why he should not be found in contempt for his failure to appear. After a hearing, in which appellant offered no reasonable explanation for his failure to abide by the disbarment order, the Indiana Supreme Court once again

found appellant in contempt and ordered him confined to 30 days in prison.

Appellant's jurisdictional statement filed in this Court launches an utterly frivolous constitutional attack on the Indiana Supreme Court's power to hold him in contempt for ignoring its orders and for disbarring him in 1978. The Indiana Supreme Court's authority over unauthorized practitioners of law is beyond dispute. See, e. g., Ind. Code §§ 33-2—3-1 and 34-4—7-3 (1982). On this record there is no conceivable basis for raising any challenge to the order of the Indiana Supreme Court holding appellant in contempt for failing to appear at the November 15 hearing.

I would award appellee $1,000 against Andrew G. Kohlan, Esq., appellant's attorney, pursuant to this Court's Rule 49.2.*

---

*Rule 49.2 provides: "When an appeal or petition for writ of certiorari is frivolous, the Court may award the appellee or respondent appropriate damages."