826 F.2d 1071
 Unpublished disposition
NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Charles A. CHARLES, Petitioner,
v.
UNITED STATES POSTAL SERVICE, Respondent.
 Appeal No. 87-3191
 United States Court of Appeals, Federal Circuit.
 July 13, 1987.
 
 Before MARKEY, Chief Judge, NICHOLS, Senior Circuit Judge, and BISSELL, Circuit Judge.
 PER CURIAM.
 
 DECISION
 
 1
 The decision of the Merit Systems Protection Board (board), Docket No. SF07528610771, sustaining United States Postal Service's (agency's) demotion of Charles A. Charles (Charles) for (1) unsatisfactory conduct/sleeping while on duty/unauthorized absence from work assignment, (2) unsatisfactory work performance, and (3) unscheduled absences, is affirmed.
 
 OPINION
 
 2
 Substantial evidence supports the board's finding that the agency sustained its charges. Charles' statements that the testimony of agency witnesses conflicted, and that the testimony of Dorotha Valles was 'hearsay and not documented,' do not establish that testimony to have been 'inherently improbable or discredited by undisputed evidence or physical fact,' Hagmeyer v. Department of the Treasury, 757 F.2d 1281, 1284 (Fed. Cir. 1985). We have no reason, therefore, for overturning the credibility determinations of the Administrative Judge, who heard the witnesses at the hearing and saw their demeanor. Griessenauer v. Department of Energy, 754 F.2d 361, 364 (Fed. Cir. 1985); see also Hambsch v. Department of the Treasury, 796 F.2d 430, 436 (Fed. Cir. 1986).
 
 
 3
 Substantial evidence supports the Administrative Judge's determination that the agency weighed relevant factors, including Charles' 30 years of service, before proposing Charles' demotion, and that an appropriate penalty was selected. Douglas v. Veterans Admin., 5 MSPB 313 (1981).
 
 
 4
 The record contradicts Charles' assertion that the agency failed to impose progressive discipline. We will not disturb a choice of penalty within the agency's discretion unless the severity of its action appears totally unwarranted in light of all relevant factors. See Yeschick v. Department of Transportation, 801 F.2d 383, 384-85 (Fed. Cir. 1986); DeWitt v. Department of the Navy, 747 F.2d 1442, 1445 (Fed. Cir. 1984), cert. denied, 470 U.S. 1074 (1985).
 
 
 5
 Charles has given no explanation for his assertion that the board misapplied two cases, and has shown us no basis for concluding that the board's decision was not in accordance with law.
 
 
 6
 The record does not support Charles' assertion that '[i]mportant documents pertinent to the case were denied me and my counsel.' Charles has not shown that the board's decision was unsupported by substantial evidence, or that the agency committed harmful procedural error in effecting his demotion. See Cornelius v. Nutt, 472 U.S. 648, 657-59 (1985); Smith v. United States Postal Service, 789 F.2d 1540, 1545-46 (Fed. Cir. 1986).
 
 
 7
 We affirm on the basis of the board's opinion because we do not find the decision arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law, or obtained without procedures required by law, rule, or regulation having been followed, or unsupported by substantial evidence. 5 U.S.C. Sec. 7703(c) (1982); see Hayes v. Department of the Navy, 727 F.2d 1535, 1537 (Fed. Cir. 1984).