831 F.2d 305
 Unpublished Disposition
NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Gerald F. CARRICO, Petitioner,
v.
DEPARTMENT OF the AIR FORCE, Respondent.
 Appeal No, 87-3245
 United States Court of Appeals, Federal Circuit.
 September 4, 1987.
 
 Before MARKEY, Chief Judge, DAVIS, Circuit Judge, and BALDWIN, Senior Circuit Judge.
 PER CURIAM.
 
 DECISION
 
 1
 The decision of the Merit Systems Protection Board (board), Docket No. DE075286110384, sustaining Department of the Air Force's (agency's) removal of Gerald F. Carrico for misconduct in (1) failure to complete work assignments; (2) failure to meet deadlines; and (3) failure to attend meetings, is affirmed.
 
 OPINION
 
 2
 The evidence shows that Mr. Carrico was repeatedly counseled, reminded, and presented with numerous examples regarding his duties, and that in 20 instances he either failed to accomplish these duties or deliberately refused to comply with instructions. Substantial evidence thus supports the administrative judge's determination that the agency weighed relevant factors as prescribed in Douglas v. Veterans Administration, 5 MSPB 313 (1981), before proposing Mr. Carrico's removal, and that an appropriate penalty was selected. This Court will not disturb a choice of penalty within the agency's discretion unless the severity of its action appears totally unwarranted in light of all relevant factors. See Yeschick v. Department of Transportation, 801 F.2d 383, 384-85 (Fed. Cir. 1986); DeWitt v. Department of the Navy, 747 F.2d 1442, 1445 (Fed. Cir. 1984), cert. denied, 470 U.S. 1054 (1985). Mr. Carrico's long record of Government service does not require the government to accept his total disregard for authority.
 
 
 3
 Mr. Carrico's attempts to impugn the testimony of Metelski, Shonk, Bossen, and O'Donnell must fail because he has not established that the testimony was 'inherently improbable or discredited by undisputed evidence or physical fact,' Hagmeyer v. Department of the Treasury, 757 F.2d 1281, 1284 (Fed. Cir. 1985). We have been shown no basis for overturning the credibility determinations of the administrative judge. Griessenauer v. Department of Energy, 754 F.2d 361, 364 (Fed. Cir. 1985); see also Hambsch v. Department of the Treasury, 796 F.2d 430, 436 (Fed. Cir. 1986).
 
 
 4
 Mr. Carrico has not shown harmful procedural error. See Cornelius v. Nutt, 472 U.S. 648, 657-59 (1985); Smith v. United States Postal Service, 789 F.2d 1540, 1545-46 (Fed. Cir. 1986). Nor does his mere charge that Major O'Donnell was biased overcome the presumption of honesty and integrity which accompanies administrative adjudicators. Oliver v. Department of Transportation, 1 MSPR 382, 386 (1980); see Pascal v. United States, 543 F.2d 1284, 1288 (Ct. Cl. 1976).
 
 
 5
 We have considered all of Mr. Carrico's other arguments and find them equally without merit.
 
 
 6
 We affirm on the basis of the board's opinion because we do not find the decision arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law, or obtained without procedures required by law, rule, or regulation having been followed, or unsupported by substantial evidence. 5 U.S.C. Sec. 7703(c) (1982); see Hayes v. Department of the Navy, 727 F.2d 1535, 1537 (Fed. Cir. 1984).