833 F.2d 1023
 Unpublished Disposition
NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Douglas DALESSIO, Petitioner,
v.
DEPARTMENT OF TRANSPORTATION, Respondent.
 No. 87-3349.
 United States Court of Appeals, Federal Circuit.
 Oct. 13, 1987.
 
 Before MARKEY, Chief Judge, RICH, Circuit Judge, and BALDWIN, Senior Circuit Judge.
 PER CURIAM.
 
 DECISION
 
 1
 The decision of the Merit Systems Protection Board (board), Docket No. NY075281F0505-1, sustaining Douglas Dalessio's (Dalessio's) removal because of participation in an illegal strike, 5 U.S.C. Sec. 7311, and unauthorized absence (AWOL), is affirmed.
 
 OPINION
 
 2
 The board in Long v. Department of Transportation, 17 M.S.P.R. 384 (1983), remanded to "affor[d Long] the opportunity to present his coercion defense...." Id. at 386. Because this court remanded Dalessio's Appeal No. 85-1314 in light of Long, the administrative judge correctly limited the remand hearing to Dalessio's coercion defense.
 
 
 3
 The board in Long did not reach Long's argument that the presiding official in Coppola v. Department of Transportation, MSPB Docket No. NY075281F1399, erred in not allowing Long to testify on his own behalf. Long, 17 M.S.P.R. at 386 n. 2. Assuming the Coppola presiding official erred in not allowing Dalessio to testify that he was on annual leave when he was removed, Dalessio has not shown how that error substantially prejudiced his rights by possibly affecting the board's decision. See Cornelius v. Nutt, 472 U.S. 648, 657-59 (1985); Smith v. United States Postal Serv., 789 F.2d 1540, 1545-46 (Fed.Cir.1986). Dalessio does not contest this statement from his informal brief in Appeal No. 85-1314: "I did not strike against the U.S. Government. I missed a day of work and should be punished only for that." This court has upheld the removal of an air traffic controller who was AWOL for one day in August 1981. Yeschick v. Department of Transp., FAA, 801 F.2d 383, 384 (Fed.Cir.1986); Garcia v. Department of Transp., FAA, 795 F.2d 66, 67 (Fed.Cir.1986).
 
 
 4
 Dalessio's evidence regarding coercion was contradicted by the testimony of Robert Yalden and Bob Peterson. The administrative judge credited that testimony and discredited the testimony of Dalessio and his wife and father. Dalessio has shown no basis for this court to overturn those credibility determinations. See, e.g., Hagmeyer v. Department of the Treasury, 757 F.2d 1281, 1284 (Fed.Cir.1985); Griessenauer v. Department of Energy, 754 F.2d 361, 364 (Fed.Cir.1985); see also Hambsch v. Department of the Treasury, 796 F.2d 430, 436 (Fed.Cir.1986).
 
 
 5
 Substantial evidence supports the board's determination that Dalessio failed to show that his AWOL resulted from intimidating conduct that a reasonable person would not be expected to resist. Johnson v. Department of Transportation, FAA, 735 F.2d 510, 514-15 (Fed.Cir.1984).
 
 
 6
 We affirm on the basis of the board's opinion because we do not find the decision arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law, or obtained without procedures required by law, rule, or regulation having been followed, or unsupported by substantial evidence. 5 U.S.C. Sec. 7703(c) (1982); see Hayes v. Department of the Navy, 727 F.2d 1535, 1537 (Fed.Cir.1984).