#### (c) Government's Allegation of Compulsory Counterclaims

Because the Government's counterclaims do not fit within the definition of a Rule 13(a) compulsory counterclaim, the issue of whether the Claims Court properly refused to permit a compulsory counterclaim need not be reached.

In view of the foregoing, the decisions of the Claims Court are *affirmed.*

Each party shall bear its own costs.

AFFIRMED.

**John G. HAGMEYER, Petitioner,**

v.

**DEPARTMENT OF the TREASURY, Respondent.**

**Appeal No. 84–1565.**

United States Court of Appeals,
Federal Circuit.

March 20, 1985.

Peter J. Carre, Amram & Hahn, P.C., Washington, D.C., argued for petitioner.

Stuart James, Commercial Litigation Branch, Dept. of Justice, Washington, D.C., argued for respondent. With him on the brief were Richard K. Willard, Acting Asst. Atty. Gen., David M. Cohen, Director and Sandra P. Spooner, Washington, D.C.

James F. Snyder, Office of General Counsel, U.S. Secret Service, Washington, D.C., of counsel.

Before SMITH, NEWMAN and BISSELL, Circuit Judges.

BISSELL, Circuit Judge.

John G. Hagmeyer (Hagmeyer) appeals from the decision of the Merit Systems Protection Board (MSPB or Board), Docket No. DC07528310114, 20 M.S.P.R. 612, affirming his removal from the Department of the Treasury, U.S. Secret Service (agency). We reverse and remand.

## BACKGROUND

Hagmeyer was employed by the agency for seven years and held the position of sergeant in the Office of Protective Operations, Uniformed Division. On June 21, 1982, the agency proposed his removal for the following reasons:

1. Encouraging an applicant to submit an inaccurate official form;

2. The appearance of conflict of interest by socializing with applicants;

3. The appearance of using the authority of his position for personal benefit;

4. Insubordinate refusal to comply with a directive from authorized Secret Service officials; and

5. Falsification of fact in response to questioning by authorized Secret Service officers.

He was removed from Federal service effective October 26, 1982.

Prior to the hearing before the Board's presiding official the agency dropped charges 2 through 5 listed above. Consequently, the evidence received at the hearing was confined to the first charge. The agency contends that while Hagmeyer was serving as recruiting sergeant during September 1981, he instructed an applicant for a Uniformed Division Officer position to falsify her response to a question concerning her use of marijuana on an investigative form. The question at issue was number 44 on agency form 86A which asked the applicant to state whether she had ever used marijuana. Accordingly, she had originally answered the question in the affirmative before changing the answer to the negative. Agency special agents learned of this incident during a follow-up interview with the applicant. The Secret Service then conducted an extensive investigation between January and March 1982. In Spring 1982, Hagmeyer was transferred from his position as recruiting sergeant to the White House protective service.

The presiding official after six days of hearings affirmed the agency's removal. While recognizing the penalty of removal seemed severe for what she described as Hagmeyer's "immature act," she determined that the agency had not exceeded the bounds of reasonableness, since petitioner was a law enforcement officer.

## ISSUES

1. Whether Hagmeyer's dismissal constituted a prohibited personnel practice because of his whistleblowing charge against the agency filed with the MSPB's Office of the Special Counsel.

2. Whether the presiding official's credibility determinations were an abuse of discretion.

3. Whether the penalty of removal was an abuse of discretion.

## OPINION

This court has jurisdiction under 28 U.S.C. § 1295(a)(9) to hear an appeal pursuant to 5 U.S.C. § 7703(b)(1). Our standard of review is governed by 5 U.S.C. § 7703(c) providing that we shall "hold unlawful and set aside any agency action, findings, or conclusions found to be (1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation, having been followed; or (3) unsupported by substantial evidence...."

### I

Hagmeyer contends that his removal was a reprisal for filing a whistleblowing charge with the MSPB's Office of the Special Counsel on June 16, 1982, alleging agency merit system improprieties regarding hiring, handicap discrimination and reemployment of former employees. The basis for his contention is that his removal was a prohibited personnel practice and a violation of 5 U.S.C. § 2302 which provides in pertinent part as follows:

(a)(1) ... "prohibited personnel practice" means any action described in subsection (b) of this section.

(2) For the purpose of this section—

(A) "personnel action" means—...

(iii) an action under chapter 75 of this title or other disciplinary or corrective action;

. . . .

(b) Any employee who has authority to take, direct others to take, recommend, or approve any personnel action, shall not, with respect to such authority—

. . . .

(8) take or fail to take a personnel action with respect to any employee or applicant for employment as a reprisal for—

. . . .

(B) a disclosure to the Special Counsel of the Merit Systems Protection Board, ... of information which the employee or applicant reasonably believes evidences—

    (i) a violation of any law, rule, or regulation. . . .

■ In order for petitioner to prevail on his contention, he has the burden of showing that (1) a protected disclosure was made, (2) the accused official knew of the disclosure, (3) retaliation resulted, and (4) there was a genuine nexus between the retaliation and petitioner's removal. *Sullivan v. Department of Navy*, 720 F.2d 1266, 1275 (Fed.Cir.1983).

■ Our review of the record discloses that the petitioner has failed to carry his burden. The record does show the agency's personnel division received notification that a whistleblowing charge was filed on June 16, 1982. However, there was no testimony which demonstrated that the agency officials, the director or assistant director, knew of the charge at the time they decided on his removal. Since the officials were not aware of the disclosure until after the decision of removal was made, petitioner satisfied only one of the four requirements of his burden.

Hagmeyer further contends he was denied the right to present his case because he was not given the opportunity to introduce favorable witnesses and cross-examine adverse witnesses regarding the whistleblowing charge, his affirmative defense. This contention is without merit. His burden was to prove he was the subject of a prohibited personnel practice, not to prove the merits of the charge. The presiding official did not inhibit his opportunity to prevail on his defense.

## II

■ Hagmeyer next challenges the presiding official's credibility determination of the applicant, the principal witness in

the agency's case against him, since the verbal exchange at issue was not witnessed by anyone. He argues that this finding was without factual underpinning or substantial evidence. Petitioner's claim is based upon testimonial and documental inconsistencies presented in applicant's response during questioning on cross-examination. The agency responds that the record clearly discloses that the charge against Hagmeyer was proven by a preponderance of the evidence. The determination of the credibility of a witness is within the discretion of the presiding official. *Griessenauer v. Department of Energy*, 754 F.2d 361, 364 (Fed.Cir.1985). The presiding official in her role as the trier of fact can observe the demeanor of the witnesses and their reaction when confronted with the documents and evidence in the case:

> [i]t follows that this court should accept the administrative evaluation of credibility, unless the testimony accepted is inherently improbable or discredited by undisputed evidence or physical fact. Where two versions of the facts are equally probable, this court would normally be constrained to favor the version accepted by the Board.

*Dittmore-Freimuth Corp. v. United States*, 390 F.2d 664, 685, 182 Ct.Cl. 507 (1968), *quoted in Jones v. United States*, 617 F.2d 233, 236, 223 Ct.Cl. 138 (1980). Our review of the record shows that the presiding official did not abuse her discretion in determining that the applicant was credible.

## III

■ The appropriate penalty for an employee's violation of the standards that govern the performance of his duties and his conduct in connection therewith is a matter committed primarily and largely to the discretion of the agency. *Miguel v. Department of Army*, 727 F.2d 1081 (Fed. Cir.1984). The court will normally defer to the judgment of the agency as to the appropriate penalty for employee misconduct unless the severity appears totally unwarranted. *Brewer v. United States Postal Service*, 647 F.2d 1093, 1098, 227 Ct.Cl. 276

(1981), *cert. denied,* 454 U.S. 1144, 102 S.Ct. 1005, 71 L.Ed.2d 296 (1982).

■ Petitioner contends that the penalty of removal constituted an abuse of discretion. In evaluating such a contention this court looks for a rational basis for the choice of penalty. *Ginnodo v. Office of Personnel Management,* 753 F.2d 1061, 1064 (Fed.Cir.1985).

■ The agency's removal of Hagmeyer was based upon five charges. Before the Board proceedings commenced the agency dropped charges two through five. However, it continued to advocate dismissal on the basis of the one remaining charge. Under these circumstances the presiding official must carefully consider whether the remaining charge merited the penalty imposed by the agency. *See Douglas v. Veterans Administration,* 5 MSPB 313, 334, 5 M.S.P.R. —— (1981). We fail to see how the Board sustained petitioner's removal.

■ The five charges upon which the petitioner's removal was originally based were of varying degrees of severity. The remaining charge, constituting the sole basis for the removal action, appears to be one of the least egregious. While it may be appropriate to uphold removal when the agency drops charges, this is not such a case in view of the nature of this single remaining charge. *Cf. Power v. United States,* 531 F.2d 505, 509, 209 Ct.Cl. 126 (1976), *cert. denied,* 444 U.S. 1044, 100 S.Ct. 731, 62 L.Ed.2d 730 (1980) (employee's removal not sustained for minor offense when agency failed to prove more serious offenses). We agree with the presiding official that Hagmeyer's action represents immaturity rather than culpability, particularly in light of his good record. By transferring him to the White House, the agency could only have concluded that while he was not suitable for recruiting duty, petitioner was a particularly responsible officer for other types of duty and worthy of rehabilitation. We reverse the Board and remand the case for the determination of a lesser penalty.

REVERSED AND REMANDED.