826 F.2d 1073
 Unpublished disposition
NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Napoleon FERNANDO, Petitioner,
v.
GENERAL SERVICES ADMINISTRATION, Respondent.
 Appeal No. 87-3086
 United States Court of Appeals, Federal Circuit.
 July 17, 1987.
 
 Before RICH, Circuit Judge, NICHOLS, Senior Circuit Judge, and NIES, Circuit Judge.
 RICH, Circuit Judge.
 
 DECISION
 
 1
 The decision of the Merit Systems Protection Board (board) in No. PH07528610138, sustaining the removal of the petitioner, Napoleon Fernando, from his position as a GS-5 Federal Protective Officer for repeated misconduct, is affirmed.
 
 OPINION
 
 2
 The presiding official sustained two of the reasons for Fernando's removal in full (reasons two and eight) and another in part (reason six). These findings are supported by substantial evidence as made clear by the initial decision. The presiding official summarized the evidence related to each charge and made findings based on the evidence. Fernando's arguments to the contrary consist of little more than disagreement with the presiding official's credibility determinations, which we will not overturn. See Hambsch v. Department of the Treasury, 796 F.2d 430, 436 (Fed. Cir. 1986).
 
 
 3
 Fernando's argument that his removal was not for such cause as would promote the efficiency of the service is simply a reargument of the charges against him. Although he sees his actions as 'simply attempting to enforce the regulations' and 'complying with the letter of the law,' the presiding offical found that he acted unprofessionally and showed poor judgment. Furthermore, Fernando was a law enforcement official. We cannot see how an action taken for rude and unprofessional behavior while on duty does not promote the efficiency of the service.
 
 
 4
 Fernando's assertion that the presiding official sustained reason six on grounds other than in the notice he was given is also without merit. The notice of proposed removal specifically charged Fernando with unprofessional behavior and poor judgment with regard to this incident and that is what the presiding official found. That the notice also charged him with threatening behavior, which was not proved, does not make it defective.
 
 
 5
 Finally, Fernando argues that since he 'substantially prevailed' at the hearing, the penalty of removal was not appropriate and was an abuse of discretion. It is true that the presiding official sustained only three of the less serious charges against Fernando, and that in such circumstances, the presiding official should carefully consider whether the remaining charges merit the penalty imposed by the agency. See Hagmeyer v. Department of the Treasury, 757 F.2d 1281, 1285 (Fed. Cir. 1985). But that is what the presiding official did.
 
 
 6
 Among other factors, the presiding official considered Fernando's prior suspensions in sustaining the agency's action. Fernando had been suspended three times before, once for a period of six months, without any improvement in his attitude or conduct. In these circumstances, removal was not so unreasonable as to be an abuse of discretion.
 
 
 7
 Accordingly, we affirm the board's decision because it was not arbitrary, capricious, an abuse of discretion, unsupported by the evidence, or otherwise not in accordance with law. See 5 USC 7703(c).