831 F.2d 306
 Unpublished Disposition
NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Michael B. KEARNEY, Petitioner,
v.
DEPARTMENT OF TRANSPORTATION, Respondent.
 No. 87-3149
 United States Court of Appeals,
Federal Circuit.
 September 30, 1987.
 
 Before MARKEY, Chief Judge, DAVIS, Circuit Judge, and BALDWIN, Senior Circuit Judge.
 PER CURIAM.
 
 DECISION
 
 1
 The decision of the Merit Systems Protection Board (board), Docket No. SE07528610113, sustaining Department of Transportation's (agency's) removal of Michael B. Kearney (Kearney) for abuse of alcohol and failure to meet the medical standards of his position is affirmed.
 
 OPINION
 
 2
 Kearney's attack on the qualification or credibility of the adverse witnesses fail to establish that any of their testimony was 'inherently improbable or discredited by undisputed evidence or physical fact,' Hagmeyer v. Department of the Treasury, 757 F.2d 1281, 1284 (Fed. Cir. 1985), nor did it refute the board's conclusion that accounts of Kearney's speaking voice over radio and telephone are less probative than testimony of people in direct contact with him. We have no reason for overturning the carefully weighed credibility determinations of the administrative judge. Griessenauer v. Department of Energy, 754 F.2d 361, 364 (Fed. Cir. 1985).
 
 
 3
 Kearney's procedural objections are equally meritless because he has failed to show harmful error. See Cornelius v. Nutt, 472 U.S. 648, 657-59 (1985); Smith v. United States Postal Service, 789 F.2d 1540, 1545-46 (Fed. Cir. 1986). That Kearney's voice appeared normal was accepted; hence availability of the tapes is irrelevant. Kearney fails to establish that 'live' testimony of Mr. West would have made any difference, especially in light of West's affidavit and the 'live' testimony of West's wife to the same facts.
 
 
 4
 On the charge of failure to meet medical standards for the position of Air Traffic Control Specialist, Kearney's main argument (that the agency failed to follow its own regulations requiring a clinical diagnosis of alcoholism or alcohol abuse before placement in its 'special considerations' program) is baseless. The evaluations of the state licensed evaluator, the staff at the New Hope Center, and Dr. Stoner fully satisfy the agency procedure. Mr. Kearney's attempts to disqualify the state examiner are equally baseless.
 
 
 5
 We have considered Kearney's due process, fair warning, nexus, and appropriate penalty arguments. None is adequately supported in the evidence.
 
 
 6
 We affirm on the basis of the board's opinion because we do not find the decision arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law, or obtained without procedures required by law, rule, or regulation having been followed, or unsupported by substantial evidence. 5 U.S.C. Sec. 7703(c) (1982); see Hayes v. Department of the Navy, 727 F.2d 1535, 1537 (Fed. Cir. 1984).