837 F.2d 1096
 Unpublished Disposition
NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Edward G. DUFFY, Petitioner,
v.
DEPARTMENT OF the INTERIOR, Respondent.
 No. 87-3331.
 United States Court of Appeals, Federal Circuit.
 Dec. 8, 1987.
 
 Before MARKEY, Chief Judge, FRIEDMAN and ARCHER, Circuit Judges.
 PER CURIAM.
 
 DECISION
 
 1
 The decision of the Merit Systems Protection Board (board), Docket No. AT075285C0629, dismissing Edward G. Duffy's (Duffy's) petition to enforce his settlement agreement with the Department of the Interior (agency), is affirmed.
 
 OPINION
 
 2
 That Duffy would be better off if his 4 years of military service were excluded from the "20 years of federal service" referred to in the settlement agreement, does not mean that the administrative judge erroneously assessed the probative value of Duffy's self-serving affidavit alleging agency fraud. "[I]t remains for the trier of fact to weigh the probative value of ... hearsay evidence in the circumstances of the case." Ballentine v. Department of Justice, 30 M.S.P.R. 652, 655 (1986). Duffy has not shown this court any reason to overturn the administrative judge's determination that Duffy's affidavit alleging agency fraud lacks credibility. See Hagmeyer v. Department of the Treasury, 757 F.2d 1281, 1284 (Fed.Cir.1985) (this court should accept administrative evaluation of credibility unless testimony accepted is inherently improbable or discredited by undisputed evidence or physical fact); Griessenauer v. Department of Energy, 754 F.2d 361, 364 (Fed.Cir.1985).
 
 
 3
 Duffy's "belief" that the agency was to modify his service record such that he was to be given four years of unearned civilian service credit similarly fails to prove fraud or mutual mistake. Thus the clear language of the settlement agreement controls.
 
 
 4
 We affirm on the basis of the board's opinion because we do not find the decision arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law, or obtained without procedures required by law, rule, or regulation having been followed, or unsupported by substantial evidence. 5 U.S.C. Sec. 7703(c) (1982); See Hayes v. Department of the Navy, 727 F.2d 1535, 1537 (Fed.Cir.1984).