848 F.2d 1244
 Unpublished Disposition
NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Garry L. WHITELEY Petitioner,
v.
The UNITED STATES POSTAL SERVICE, Respondent.
 No. 88-3016.
 United States Court of Appeals, Federal Circuit.
 May 10, 1988.
 
 Before MARKEY, Chief Judge, FRIEDMAN, Circuit Judge and BALDWIN, Senior Circuit Judge.
 PER CURIAM.
 
 DECISION
 
 1
 The final decision of the Merit Systems Protection Board (Board), No. DA07528710185, affirming the United States Postal Service's (agency's) removal of Garry L. Whiteley (Whiteley) for falsifying a form CA-1, federal employee's notice of traumatic injury and claim for continuation of pay/compensation, is affirmed.
 
 OPINION
 
 2
 Substantial evidence supports the board's finding that Whiteley falsified the form CA-1. See Consolidated Edison Co. v. National Labor Relations Board, 305 U.S. 197, 229 (1938) (substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion"). Whiteley's attempt to impugn Lukenbill's credibility fails to establish that his testimony was "inherently improbable or discredited by undisputed evidence or physical fact," Hagmeyer v. Department of the Treasury, 757 F.2d 1281, 1284 (Fed.Cir.1985). We have been shown no reason for overturning the credibility determinations of the administrative judge, who heard the witnesses at the hearing and saw their demeanor. Griessenauer v. Department of Energy, 754 F.2d 361, 364 (Fed.Cir.1985); see also Hambsch v. Department of the Treasury, 796 F.2d 430, 436 (Fed.Cir.1986).
 
 
 3
 The board did not err in rejecting Whiteley's "motion for dismissal under the staleness doctrine." The agency acted promptly once it learned of the falsification. The argument for dismissal for delay caused by Whiteley's own falsification action is fallacious. Further, we agree with the board that Whiteley did not show harm as a result of the delay. See Shaw v. United States Postal Service, 697 F.2d 1078, 1080-81 (1983).
 
 
 4
 The administrative judge did not abuse her discretion in denying Whiteley's request to call Mr. Elbon. See Hambsch, 796 F.2d at 435; 5 C.F.R. Sec. 1201.62(a) (1987). Whiteley's offer of proof below did not establish that such testimony would have been relevant, nor did its exclusion under those circumstances deprive Whiteley of a full and fair hearing.
 
 
 5
 Finally, substantial evidence supports the administrative judge's determination that the agency weighed relevant factors as prescribed in Douglas v. Veterans Administration, 5 MSPB 313 (1981), before proposing Whiteley's removal. There is no support for Whiteley's assertion that the "trial court judge [sic] wholly failed to consider" mitigating circumstances and alternative punishment. We have been shown no reason to disturb the agency's choice of penalty. See Yeschick v. Department of Transportation, 801 F.2d 383, 384-85 (Fed.Cir.1986); DeWitt v. Department of the Navy, 747 F.2d 1442, 1445 (Fed.Cir.1984), cert. denied, 470 U.S. 1054 (1985).