873 F.2d 1451
 Unpublished Disposition
NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Anthony DURKAN, Petitioner,
v.
DEPARTMENT OF AGRICULTURE, Respondent.
 No. 88-3389.
 United States Court of Appeals, Federal Circuit.
 April 4, 1989.
 
 Before RICH, Circuit Judge, BALDWIN, Senior Circuit Judge, and ARCHER, Circuit Judge.
 PER CURIAM.
 
 DECISION
 
 1
 Petitioner, Anthony Durkan (Durkan), seeks review of the decision of the Merit Systems Protection Board, Docket No. BN07528810002 (July 8, 1988), sustaining his removal from the position of Food Inspector, Department of Agriculture. We affirm.
 
 OPINION
 
 2
 Durkan's challenge is to the administrative judge's (AJ) determination that the testimony of the agency's witness, David R. White, was more credible than his own. As stated by the AJ, "[t]he resolution of this case turn[ed] on credibility, i.e., whether Mr. White's testimony or appellant's testimony is believable."
 
 
 3
 When reviewing credibility determinations of the trier of fact, our standard of review is extremely limited. Hambsch v. Department of the Treasury, 796 F.2d 430, 436 (Fed.Cir.1986) ("virtually unreviewable"). This court will not overturn a credibility determination unless it is shown to be based on testimony that is "inherently improbable or discredited by undisputed evidence or physical fact." Hanratty v. Department of Transp., 819 F.2d 286, 288 (Fed.Cir.1987) (quoting Hagmeyer v. Department of the Treasury, 757 F.2d 1281, 1284 (Fed.Cir.1985)). After carefully considering Durkan's arguments and the AJ's thorough analysis of the evidence, we are not persuaded that the credibility determination of the AJ should be disturbed.
 
 
 4
 BALDWIN, Senior Circuit Judge, dissenting.
 
 
 5
 I agree with the majority that the critical issue in this case is witness credibility. However, because of the significant physical evidence contrary to the testimony of David White, and the numerous inconsistencies in that testimony, I would reverse the board's decision. White's testimony is "inherently improbable [and was] discredited by undisputed evidence [and] physical fact." Hagmeyer v. Department of the Treasury, 757 F.2d 1281, 1284 (Fed.Cir.1985). These inconsistencies include essential facts such as dates, times and locations as well as the dollar amounts White purportedly paid Durkan to look the other way while his company violated federal law.
 
 
 6
 Anthony Durkan was a trusted and reliable employee of the Department of Agriculture ("Agency") for 19 years. Durkan's hard work had been recognized through Agency commendation and witnesses testified to his diligence and trustworthiness. White was the only witness to testify against Durkan, and did so pursuant to a plea agreement granting him freedom from prosecution as an alleged co-conspirator.
 
 
 7
 The agency was unable to provide any evidence which corroborated White's accusations of illicit payments. On the other hand Durkan's work records place him at locations different from where White claims he was on at least seven occasions when White asserts he paid Durkan bribes. Most notable among the discrepancies is the fact that Durkan was working at another location when White says he was at the Darling plant in Southboro. Durkan's absence from the Darling plant at numerous times when he was purportedly receiving illegal payments from White is shown by written, uncontested records. Nonetheless, the administrative judge found these inconsistencies between these written records and White's testimony "irrelevant".
 
 
 8
 The administrative judge erroneously and summarily concluded that these inconsistencies were of no importance because the agency's charges were not specific as to when Durkan purportedly accepted monies from White. However, it is not the relationship to the charges which makes White's testimony inherently improbable. Rather, the fact that White definitively testified that he gave Durkan money at specific times on specific days in specific places, when the physical evidence shows that these events were almost impossible, serves to undermine his entire testimony. The casual dismissal of these discrepancies was unwarranted. White provided the only evidence which tended to prove Durkan's culpability, and his testimony is not credible. Given these facts, the record as a whole lacks substantial evidence supporting the administrative judge's conclusions. I would reverse the decision and reinstate Mr. Durkan to his position with back pay.