945 F.2d 416
 NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Pamela F. SMYTHE-COATS, Petitioner,
v.
BUREAU OF PRISONS, Respondent.
 No. 90-3126.
 United States Court of Appeals, Federal Circuit.
 Sept. 9, 1991.
 
 Before PLAGER, Circuit Judge, FRIEDMAN, Senior Circuit Judge, and RADER, Circuit Judge.
 DECISION
 PER CURIAM.
 
 
 1
 This is an appeal from an arbitration opinion and award regarding petitioner Pamela Smythe-Coats (Smythe-Coats) in Department of Justice and American Fed'n of Gov't Employees Local 3882, FMCS No. 88-23835 (Dec. 5, 1989) (Franklin, Arb.) [hereinafter Arbitration ]. The Arbitration denied the grievance of Smythe-Coats and found her removal from her position as a unit secretary for the Bureau of Prisons to have been for just and sufficient cause. For the reasons discussed below, we affirm.
 
 DISCUSSION
 
 2
 We review the decision of an arbitrator under the same standard of review applied to appeals from the Merit Systems Protection Board (MSPB). Grigsby v. Department of Commerce, 729 F.2d 772, 774 (Fed.Cir.1984). On appeals from the MSPB, we review the record and hold unlawful and set aside agency actions, findings or conclusions found to be:
 
 
 3
 1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law;
 
 
 4
 2) obtained without procedures required by law, rule or regulation having been followed; or
 
 
 5
 3) unsupported by substantial evidence.
 
 
 6
 5 U.S.C. § 7703(c) (1988).
 
 
 7
 Having exhaustively reviewed the opinion and award of the arbitrator, the briefs of the parties as well as the transcripts of the testimony of the witnesses, there can be no doubt that this case turns on who, in the end, is believed--Smythe-Coats or the parade of witnesses contradicting her testimony.
 
 
 8
 Even if we believe that Smythe-Coats' testimony is just as plausible as any of the other witnesses', it is the arbitrator, not this panel, who "observe[d] the demeanor of the witnesses and their reaction[s] when confronted with the ... evidence in the case" and "unless the testimony accepted [by the arbitrator] is inherently improbable or discredited by undisputed evidence or physical fact" we are constrained to accept the arbitrator's credibility determination. Hagmeyer v. Department of the Treasury, 757 F.2d 1281, 1284 (Fed.Cir.1985) ( citing Dittmore-Freimuth Corp. v. United States, 390 F.2d 664, 685 (Ct.Cl.1968)).
 
 
 9
 The arbitrator determined that the combination of charges two through six "does not allow for any doubt that just cause has been shown for [Smythe-Coats'] termination." Opinion and Award of Arbitrator at 37. Smythe-Coats has not shown that the arbitrator failed to consider relevant Douglas factors, Douglas v. Veterans Admin., 5 M.S.P.R. 280 (1981) or that, under our standard of review (5 U.S.C. § 7703(c)), the arbitrator's affirmance of Smythe-Coats' termination was improper. Therefore we must affirm the arbitrator's award removing Smythe-Coats.