983 F.2d 1088
 NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Harold E. JOHNSON, SR., Petitioner,
v.
DEPARTMENT OF DEFENSE, Respondent.
 No. 92-3411.
 United States Court of Appeals, Federal Circuit.
 Nov. 18, 1992.
 
 Before RICH, LOURIE, and SCHALL, Circuit Judges.
 PER CURIAM.
 
 
 1
 Harold E. Johnson, Sr., petitions for review of the March 2, 1992 initial decision of the Administrative Judge (AJ), Docket No. SL0752920038I1, which became the final decision of the Merit Systems Protection Board on April 6, 1992, sustaining Johnson's removal as a materials handler (fork lift operator) at the Defense Distribution Region Central in Memphis, Tennessee, for (1) defiance of constituted authority and (2) fighting and inflicting injury on a co-worker on agency premises. We affirm.
 
 DISCUSSION
 
 2
 We review the Board's decision under a narrow standard, affirming the judgment unless it is (a) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (b) obtained without procedures required by law, rule, or regulation having been followed; or (c) unsupported by substantial evidence. 5 U.S.C. § 7703(c) (1988).
 
 
 3
 Johnson asserts that the Board erroneously accepted the facts presented by the agency. The AJ heard two conflicting versions of the incident, Johnson's version and the version of Mondell Williams, the co-worker whom Johnson struck. Applying the credibility factors set forth in Hillen v. Department of the Air Force, 35 MSPR 453 (1987), the AJ found Johnson's explanation of the events to be "implausible," while he found Williams' explanation to be "the most credible and more worthy of belief." The AJ's determination that Williams was more credible than Johnson is virtually unreviewable by this court. Hambsch v. Department of the Treasury, 796 F.2d 430, 436 (Fed.Cir.1986). Based on the record, we find that substantial evidence supports the AJ's conclusion.
 
 
 4
 Johnson also challenges the penalty of removal, stating that important mitigating factors were not considered by the AJ and that he was subject to disparate treatment. This court will not disturb an agency's choice of penalty "unless the severity appears totally unwarranted." Hagmeyer v. Department of the Treasury, 757 F.2d 1281, 1284 (Fed.Cir.1985) (citing Brewer v. United States Postal Service, 647 F.2d 1093, 1098 (Ct.Cl.1981), cert. denied, 454 U.S. 1144 (1982)). Johnson argues that his past disciplinary record was given excessive weight, other factors were not adequately applied and investigated, and other similarly situated employees were given lesser penalties. The AJ considered the testimony of Ms. Malmrose, the deciding agency official, and concluded that all relevant factors were considered and given appropriate weight. Johnson's penalty was also consistent with the agency's table of penalties. The AJ carefully reviewed the record evidence based upon Johnson's claim of disparate treatment and did not find Mr. Johnson to be similarly situated. We conclude that the decision to remove Johnson correctly took into account the relevant mitigation factors outlined in Douglas v. Veterans Admin., 5 M.S.P.R. 280 (1981), and that it was reasonable and adequately supported by the facts.