36 F.3d 1116
 NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Charles F. SPINAZOLA, Jr., Petitioner,
v.
DEPARTMENT OF JUSTICE, Respondent.
 No. 94-3054.
 United States Court of Appeals, Federal Circuit.
 Sept. 16, 1994.
 
 Before RICH, NIES, and NEWMAN Circuit Judges.
 PER CURIAM.
 
 DECISION
 
 1
 Charles F. Spinazola, Jr. (petitioner) seeks review of the September 27, 1993 Initial Decision of the Merit System Protection Board's Administrative Judge (AJ), Docket No. CH-0752-93-0402-I-1, affirming the Department of Justice's (agency) decision reducing petitioner in grade from the position of Supervisory Clinical Psychologist, GM-13, to the position of Clinical Psychologist, GS-12, with the Federal Bureau of Prisons, Federal Correctional Institution, Milan, Michigan based on charges of unprofessional conduct. The AJ's decision became the final decision of the Board on October 12, 1993. We affirm.
 
 DISCUSSION
 
 2
 In his position as a Supervisory Clinical Psychologist, petitioner was sent to the Federal Law Enforcement Training Center in Glynco, Georgia to participate in a three week course entitled Introduction to Correctional Techniques. During the course, certain students complained about comments allegedly made by petitioner as being racially, ethnically, and/or sexually inappropriate. We need not repeat the comments attributed to petitioner here as they are detailed in the AJ's decision.
 
 
 3
 Following completion of the course, affidavits were obtained from various students concerning the allegations. An affidavit from petitioner was obtained as well. In a letter dated March 18, 1993, the agency proposed demoting petitioner based on the charge of unprofessional conduct containing four specifications. Each of the specifications related to comments allegedly made by petitioner during the course in Georgia. Petitioner responded to the proposed demotion in a letter dated March 31, 1993. The Warden issued a final decision on April 20, 1993 sustaining the charge of unprofessional conduct and finding that petitioner's demotion would be in the interest of the efficiency of the service.
 
 
 4
 Petitioner appealed the demotion to the Board on May 7, 1993. The AJ found that each of the specifications was supported by preponderant evidence and that each supported the charge of unprofessional conduct. The AJ also found that the agency had made the requisite showing of a nexus between petitioner's conduct and the efficiency of the service and that the particular sanction imposed promotes the efficiency of the service. Douglas v. Veterans Administration, 5 M.S.P.R. 280, 302-03 (1981). Petitioner then appealed to this court. We have jurisdiction under 28 U.S.C. Sec. 1295(a)(9) (1988).
 
 
 5
 Our standard of review in this case is established and limited by statute. By statute, we will affirm a Board decision unless it is (1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law, (2) obtained without procedures required by law, rule, or regulation having been followed, or (3) unsupported by substantial evidence. 5 U.S.C. Sec. 7703(c) (1988).
 
 
 6
 On appeal, petitioner appears to argue that the AJ erred in his decision by "misrepresenting the facts" and ignoring "testimony and affidavits." The AJ's decision addressed the arguments presented by the parties and carefully analyzed the evidence presented. Based on that evidence, which included testimony by the petitioner, the AJ determined that the agency sustained its charge of unprofessional conduct. Although petitioner disputes certain testimony, the AJ's determinations of the credibility of witnesses are "virtually unreviewable" by this court. Hambsch v. Department of the Treasury, 796 F.2d 430, 436 (Fed.Cir.1986). Findings that turn on credibility are upheld unless the quality and weight of the evidence are such that no reasonable trier of fact could have, on the evidence adduced, reached the conclusion that was reached. See Kumferman v. Department of the Navy, 785 F.2d 286, 290 (Fed.Cir.1986).
 
 
 7
 Substantial evidence supports the Board's holding that petitioner's statements constituted unprofessional conduct. The Board's decision is also rational and it and the agency's actions were in accordance with law and procedures required by law.
 
 
 8
 With regard to the penalty of demotion, we note that we will not change an agency's penalty determination unless the severity is plainly disproportionate and unreasonable. Hagmeyer v. Department of the Treasury, 757 F.2d 1281, 1284 (Fed.Cir.1985). We agree with the Board that the agency had a right to expect that petitioner, as a Supervisory Clinical Psychologist, would meet a high standard of conduct. In view of the comments made by petitioner, petitioner's failure to appreciate the impropriety of his actions, and petitioner's position of responsibility as a psychologist and as a supervisor, we conclude that the penalty of demotion did not exceed the agency's discretionary authority as to choice of penalty. Accordingly, the Board's decision is affirmed.