48 F.3d 1237
NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
 Richard G. SCHWARTZMAN, Petitioner,
v.
DEPARTMENT OF AGRICULTURE, Respondent.
 No. 95-3046.
 United States Court of Appeals, Federal Circuit.
 Feb. 15, 1995.
 
 64 M.S.P.R. 406.
 AFFIRMED.
 Before MAYER, MICHEL, and BRYSON, Circuit Judges.
 PER CURIAM.
 
 
 1
 Richard G. Schwartzman seeks review of the decision of the Merit Systems Protection Board, No. DC-0752-94-0283-I-1, which became final on September 20, 1994, sustaining his removal by the Department of Agriculture from the position of Food Inspector. We affirm.
 
 
 2
 We must affirm the decision of the board unless we conclude that it was arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; obtained without procedures required by law, rule or regulation having been followed; or unsupported by substantial evidence. 5 U.S.C. Sec. 7703(c) (1988); Hayes v. Department of the Navy, 727 F.2d 1535, 1537 (Fed.Cir.1984). Under this standard of review, the decision of the board is entitled to substantial deference, especially with regard to the board's role as finder of fact; the determination to credit the testimony of some witnesses to the exclusion of other, contradictory testimony, is well within the board's discretion, and is reversible on appeal only if the credited testimony is shown to be "inherently improbable or discredited by undisputed evidence or physical fact." Hagmeyer v. Department of the Treasury, 757 F.2d 1281, 1284 (Fed.Cir.1985).
 
 
 3
 After reviewing the record that was before the administrative judge, we are convinced that there was substantial evidence to support the decision sustaining Schwartzman's removal. Schwartzman admitted that he misused his government-owned vehicle and that he purchased meat from a business he was responsible for inspecting, both in violation of agency rules. As to the charges of misuse of a government credit card and submitting false time reports, the administrative judge chose to credit the testimony of the government's witnesses and not Schwartzman's. Schwartzman has not persuaded us that this was reversible error.
 
 
 4
 That leaves only a challenge to the reasonableness of the penalty. But we are convinced that the administrative judge considered all of the evidence and justly concluded that removal was reasonable in light of the seriousness of Schwartzman's misconduct. The board's decision stands.