61 F.3d 920
 NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
John T. BATSON, Petitioner,
v.
NATIONAL AERONAUTICS AND SPACE ADMINISTRATION, Respondent.
 No. 95-3291.
 United States Court of Appeals, Federal Circuit.
 July 18, 1995.
 
 Before MAYER, MICHEL and RADER, Circuit Judges.
 PER CURIAM.
 
 
 1
 John T. Batson appeals a decision of the Merit Systems Protection Board upholding his reassignment by the National Aeronautics and Space Administration from Stennis Space Center, Bay St. Louis, Mississippi, to the Jet Propulsion Laboratory, Pasadena, California. Batson v. National Aeronautics and Space Administration, No. AT-1221-94-0263-W-1 (MSPB Jan. 26, 1995). The board concluded that his alleged protected disclosures were not a contributing factor in the reassignment. We affirm.
 
 
 2
 We must affirm the decision of the board unless we conclude that it was arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; obtained without procedures required by law, rule, or regulation having been followed; or unsupported by substantial evidence. 5 U.S.C. Sec. 7703(c) (1988); Hayes v. Department of the Navy, 727 F.2d 1535, 1537 (Fed.Cir.1984).
 
 
 3
 Batson asserts that the administrative judge (AJ) should have compelled the testimony of Special Agent Robert Gettings of the General Accounting Office, as Batson requested prior to the April 11, 1994, hearing. He also challenges the AJ's decision to exclude Gettings' May 18, 1994, declaration. He says Gettings' testimony would show that he was transferred because of his cooperation with a GAO investigation of the operations of NASA's Office of the Inspector General.
 
 
 4
 The board's administrative judges enjoy broad discretion to rule on evidentiary questions. Hambsch v. Department of the Treasury, 796 F.2d 430, 435 (Fed.Cir.1986). Accordingly, we may reverse the AJ's decision to exclude the declaration and the decision not to reopen the proceedings only if we conclude that the AJ abused that discretion. We see no abuse of discretion here.
 
 
 5
 Batson placed Gettings on his witness list, and the AJ approved him as a witness. At Batson's request, the AJ issued a subpoena for Gettings, and arranged to have him testify at the hearing by telephone. Despite these efforts, Batson chose not to call Gettings to testify at that time. We fail to see how the AJ could have abused her discretion by declining to compel Gettings' testimony when Batson chose not to call him as a witness when given the opportunity to do so.*
 
 
 6
 Then, more than one month after the hearing, Batson filed the declaration in question, in which Gettings stated that he had met with William Colvin, NASA's Inspector General, on May 27, 1993, as well as on September 10, 1993, the date on which Colvin testified he became aware of the GAO investigation. This declaration was accompanied by another, executed by Batson's attorney, stating that GAO policy forbade Gettings from discussing the substance of the ongoing investigation with Batson's attorney or in his declaration. These declarations formed the basis of Batson's request to reopen the proceedings.
 
 
 7
 The AJ found that the proffered evidence was not new--that Batson knew the information disclosed in the Gettings declaration at the time of the hearing--and that it would not in any event have changed the outcome of the case. This finding is supported by substantial evidence. Faced with Batson's decision not to call Gettings at the hearing and the delay in the presentation of his declaration, it was surely within the AJ's discretion to exclude the Gettings declaration and to decline to reopen the proceedings to take Gettings' testimony.
 
 
 8
 What remains is Batson's contention that a number of the government's witnesses committed perjury. Essentially, Batson challenges the AJ's decision to credit the testimony of the government's witnesses instead of his contrary testimony. Such credibility determinations are "virtually unreviewable." See Hambsch, 796 F.2d at 436. On these matters, we defer to the factfinder, reversing only if the testimony is shown to be "inherently improbable or discredited by undisputed evidence or physical fact." Hagmeyer v. Department of the Treasury, 757 F.2d 1281, 1284 (Fed.Cir.1985) (citation omitted); see also Griessenauer v. Department of Energy, 754 F.2d 361, 364 (Fed.Cir.1985) ("[D]etermination of the credibility of ... witnesses is within the discretion of the presiding official who heard their testimony and saw their demeanor."). Batson has made no such showing here. The record before us contains substantial evidence that Batson's disclosures were not a factor in the agency's decision to reassign him.
 
 
 
 *
 Before the hearing, Gettings also sought a continuance until the GAO investigation was complete. The AJ declined to compel the testimony, but indicated that she would grant the continuance, though she would not extend the stay of Batson's transfer while the proceedings were continued. He chose to proceed rather than incur the inconvenience of the move to California. Though the move may have been inconvenient, Batson has not shown us why the AJ's decision not to extend the stay amounted to an abuse of discretion warranting reversal of the board's decision