70 F.3d 129
 NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Colegera L. MARISCALO, Petitioner,
v.
DEPARTMENT OF JUSTICE, Respondent.
 No. 95-3650.
 United States Court of Appeals, Federal Circuit.
 Nov. 13, 1995.
 
 Before RICH, SCHALL, and BRYSON, Circuit Judges.
 DECISION
 PER CURIAM.
 
 
 1
 Colegera L. Mariscalo petitions for review of the final decision of the Merit Systems Protection Board ("Board") in docket No. DC-0752-94-0379-C-1.[1] In its decision, the Board affirmed the decision of the Department of Justice ("agency") removing Mariscalo from her position as a secretary stenographer with the Drug Enforcement Administration ("DEA"). We affirm.
 
 DISCUSSION
 
 2
 Mariscalo worked in the DEA's Rome, Italy, Country Office. During the period between June 19, 1992 and March 15, 1993, Mariscalo received a letter of reprimand, a four-day suspension, and a twelve-day suspension, all for failure to follow the instructions of her supervisor, Special Agent John Costanzo. On September 27, 1993, Mariscalo received a fourteen-day suspension for failing to follow Agent Costanzo's instructions and direct orders and for misusing government property. On December 9, 1993, Agent Costanzo issued Mariscalo a notice of proposed removal. The notice set forth six charges: (1) failure to follow written instructions of her supervisor; (2) failure to carry out direct order of her supervisor; (3) refusal to follow oral instructions of her supervisor; (4) malicious damage to a government form; (5) disrespectful conduct toward supervisors; and (6) poor judgment. These six charges were different from the charges for which Mariscalo received suspensions. The deciding official sustained all six charges and imposed the penalty of removal.
 
 
 3
 Mariscalo appealed the agency's decision to the Board. Initially, the appeal was resolved by settlement and dismissed. When Mariscalo filed an enforcement petition, the agency responded by stating that the representative who entered into the settlement agreement lacked authority to settle the case on the agreed-upon terms. The parties then agreed to reinstate the appeal. Subsequently, the AJ sustained five of the six charges that formed the basis for Mariscalo's removal (all but the charge of poor judgment) and affirmed the agency's decision to remove Mariscalo.
 
 
 4
 In order to prevail on appeal, Mariscalo must show that the Board's decision is (1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence. 5 U.S.C. Sec. 7703(c) (1994). We conclude that she has failed to carry this burden.
 
 
 5
 Mariscalo argues first that the orders she disobeyed were improper, in that they were issued to harass, and that her conduct therefore was justified. In making this argument, Mariscalo challenges the AJ's finding that Agent Costanzo's testimony was credible. However, an AJ's credibility determination is "virtually unreviewable." Hambsch v. Department of the Treasury, 796 F.2d 430, 436 (Fed.Cir.1986). Indeed, an AJ's credibility determination is not disturbed on appeal absent a showing that the testimony at issue is "inherently improbable or discredited by undisputed evidence or physical fact." Hagmeyer v. Department of the Treasury, 757 F.2d 1281, 1284 (Fed.Cir.1985). Mariscalo has not made this showing. The AJ's findings that Agent Costanzo's orders were proper and that Mariscalo's conduct was not justified is supported by substantial evidence. The orders were appropriate supervisory instructions directing Mariscalo to complete tasks that were her duty to complete or to cease actions that violated agency policy or disrupted the working environment.
 
 
 6
 Mariscalo also argues that the penalty of removal is too harsh. This contention too is without merit. An agency's penalty determinations are given great deference by this court. Weston v. United States Dep't of Hous. & Urban Dev., 724 F.2d 943, 949 (Fed.Cir.1983). We will overturn a penalty only if it exceeds what is permitted by statute or regulations or if it is so harsh that it amounts to an abuse of discretion. Schapansky v. Department of Transp., FAA, 735 F.2d 477, 484 (Fed.Cir.), cert. denied, 469 U.S. 1018 (1984). The AJ found that "[b]ecause the agency attempted to correct [Mariscalo's] misconduct with progressive discipline, because there was no evidence of rehabilitation, and because the supervisory relationship between [Mariscalo] and her supervisor was clearly severed, removal is shown to be a reasonable penalty despite" Mariscalo's nearly thirty years of federal service. We find no error in this analysis.
 
 
 7
 Mariscalo's remaining arguments require little discussion. Mariscalo claims that the original settlement agreement should be enforced. However, Mariscalo is bound by the actions of her selected representative, Link v. Wabash Railroad Co., 370 U.S. 626, 633-34 (1962), and is thus bound by the agreement between her representative and agency counsel to set aside the settlement agreement and reinstate her appeal.
 
 
 8
 Finally, Mariscalo contends that her removal was in reprisal for filing various grievances and complaints, which she argues is protected activity under 5 U.S.C. Sec. 2302(b)(8) (1994) and 5 U.S.C. Sec. 2302(b)(9) (1994). The filing of grievances and complaints regarding the allegedly discriminatory behavior of a supervisor, however, is not protected activity under Sec. 2302(b)(8). Spruill v. MSPB, 978 F.2d 679, 692 (Fed.Cir.1992). Moreover, the AJ found that Mariscalo had "not shown that the deciding official had other than a limited knowledge of [any protected activity] or that he had any motive to retaliate against her for that activity." Accordingly, he held that Mariscalo had not met her burden under Sec. 2302(b)(9). The AJ's finding is supported by substantial evidence.
 
 
 
 [1]
 The November 1, 1994 initial decision of the administrative judge ("AJ") became the final decision of the Board on January 20, 1995, when the Board denied Mariscalo's petition for review