108 F.3d 1394
 NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Joseph MARTIN, Petitioner,
v.
DEPARTMENT OF JUSTICE, Respondent.
 No. 97-3053.
 United States Court of Appeals, Federal Circuit.
 March 10, 1997
Rehearing Denied May 8, 1997.
 
 Before RICH, MAYER, and CLEVENGER, Circuit Judges.
 RICH, Circuit Judge.
 
 
 1
 Joseph Martin (Martin) petitions for review of the decision of the Merit Systems Protection Board (board), in Docket No. NY-0752-96-0029-I-3. The June 12, 1996 initial decision of the Administrative Judge (AJ) to suspend Mr. Martin for sixty (60) days for an unauthorized absence from work on May 16, 1995, became the final decision of the board on October 4, 1996 when the board declined Martin's petition for review. We affirm.
 
 BACKGROUND
 
 2
 On May 16, 1995, Martin, a correctional officer at the Metropolitan Correctional Center (agency) in New York, was assigned to the escort lobby officer post. In this position, Martin was responsible for escorting and monitoring visitors entering and leaving the facility. Martin was scheduled to work a 12:30 p.m. to 9:00 p.m. shift.
 
 
 3
 At approximately 8:00 p.m., Martin was involved in an altercation with Officer Dawn Martin, the officer in charge, during which Martin verbally threatened Ms. Martin and slammed the door on her. In response to the incident, Lieutenant Melvin L. Chestnut, Martin's immediate supervisor, telephoned Officer Vincent G. Kennedy, and directed Kennedy to ask Martin to report to Chestnut's office. However, Martin did not report to Chestnut's office. He left the premises at approximately 8:20 p.m., without prior authorization, and was charged with forty minute Absence Without Official Leave (AWOL).
 
 
 4
 On July 11, 1995, Martin was issued a notice proposing his removal from his position as a correctional officer due to his AWOL. In proposing the removal action, Martin's prior disciplinary record was taken into account. However, in light of Martin's oral response to the proposed removal and documents submitted to the agency, on August 30, 1995, the proposed removal was reduced to a sixty day suspension from duty without pay.
 
 
 5
 On October 18, 1995, Martin appealed the sixty day suspension to the board. On July 12, 1996, the AJ sustained the decision of the agency and concluded that Martin had been AWOL and that his sixty day suspension advanced the efficiency of the service and was reasonable. The initial decision became final when the board denied review on October 4, 1996. See 5 C.F.R. § 1201.113(b) (1996).
 
 
 6
 Martin appeals from the board's decision, which we review under 28 U.S.C. § 1295(a)(9) (1994). We must affirm the board's decision unless it is found to be:
 
 
 7
 arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with the law
 
 
 8
 obtained without procedures required by law, rule or regulation having been followed; or unsupported by substantial evidence.
 
 
 9
 5 U.S.C. § 7703(c) (1994); Rosete v. Office of Personnel Management, 48 F.3d 514, 516 (Fed.Cir.1995).
 
 DISCUSSION
 
 10
 Martin appeals the board's decision on the basis that the AJ's credibility determination in hearing Kennedy's testimony was incorrect and, hence, that the AJ should have accorded Kennedy's testimony less weight. We can not set aside a board decision simply because one party asserts that an adverse witness' testimony was untrue. Determinations of credibility are the province of the official who heard the witnesses' testimony and witnessed their demeanor. Griessenauer v. Department of Energy, 754 F.2d 361, 364 (Fed.Cir.1985). That determination will be accepted unless the testimony is inherently improbable or discredited by undisputed evidence or physical fact. Hagmeyer v. Department of Treasury, 757 F.2d 1281 (Fed.Cir.1985). We find nothing in the record in this case to justify our reconsidering those determinations.
 
 
 11
 Martin has asserted that the AJ should not have relied on Kennedy's testimony because, on cross-examination, Kennedy's testimony was contradictory and the time frame for Martin's departure varied by as much as thirty minutes. The AJ noted that Kennedy was the only eyewitness to Martin's departure and that "Kennedy gave forthright, sincere, and uncontroverted testimony" that Martin left the premises at about 8:20 p.m., despite the fact that Kennedy had notified him that he should report to Chestnut. Where the presiding official has expressly found a witness credible, we "cannot substitute a contrary credibility determination based on a cold record." DeSarno v. Department of Commerce, 761 F.2d 657 (Fed.Cir.1985).
 
 
 12
 Martin also asserted that the AJ failed to adequately account for the fact that the agency condoned early departure of correctional officers assigned to the lobby area, if all the visitors had left and the area was secure. However, as the AJ points out, Martin has never introduced evidence demonstrating that other agency employees were allowed to leave early despite being directed to report to their supervisor.
 
 
 13
 Finally, Martin asserted that the AJ erred because Chestnut testified that Martin did not leave early on the date in question. Once again, Martin is asking us to revisit the AJ's credibility determinations. We are not in a position to balance Kennedy's testimony, apparently the only eyewitness of Martin's departure, against Chestnut's testimony, who apparently remained in his office through the end of the shift. We do "not sit to reweigh the evidence or to decide which among opposing witnesses is to be believed," Rosemount, Inc. v. Deckman Instruments, Inc., 727 F.2d 1540, 1547 (Fed.Cir.1984); that is the sole province of the AJ.
 
 
 14
 Although the penalty appears harsh, there is no evidence that the AJ's findings were arbitrary, capricious, contrary to law or unsupported by substantial evidence.