Juan F. RUIZ, Petitioner,

v.

**DEPARTMENT OF HOMELAND SECURITY, Respondent.**

No. 03–3194.

United States Court of Appeals, Federal Circuit.

DECIDED: Oct. 8, 2003.

Before GAJARSA, LINN, and PROST, Circuit Judges.

PER CURIAM.

Juan F. Ruiz petitions for review of a final order of the Merit Systems Protection Board ("Board"), which affirmed a negative suitability determination by the United States Department of Justice, Immigration and Naturalization Service ("INS" or "Agency"). *Ruiz v. Dep't of Justice*, Docket No. DA0731020358–I–1, 93 M.S.P.R. 377, 2003 WL 261720 (M.S.P.B. Feb. 4, 2003). Because the Board's decision was not arbitrary, capricious, or contrary to law, and supported by substantial evidence, we *affirm.*

BACKGROUND

Ruiz applied to the INS for a competitive service position of Border Patrol Agent (Trainee). After conducting a background investigation, the Office of Personnel Management ("OPM") notified INS of the possible disqualification of Ruiz due to potential security and suitability considerations. The INS then issued a show cause letter dated November 13, 2001, that set forth a proposed finding of unsuitability based on two charges: (1) misconduct or negligence in employment, and (2) criminal or dishonest conduct.

The Agency's allegations as to the charge of misconduct or negligence in employment revolved around Ruiz's prior employment as a clerk with a Dollar General Store. The charge revolved about Ruiz being late and absent from work. For

instance, the Agency alleged that Ruiz received written counseling for failing to call in for his schedule on a Friday evening, April 28, 2000, and failed to work his scheduled shift on the next day, Saturday and he received written counseling for an occurrence on July 28, 2000, related to excessive tardiness and absenteeism. The Agency further alleged that he refused to read or sign the Progressive Counseling Record and instead wanted to submit his two-week notice of termination. Finally, the Agency stated that Ruiz was counseled verbally several times before the written counseling for tardiness, and verbally about three times for behavior toward a female married co-worker for following the co-worker around the store and asking her out on dates.

In the second charge of criminal or dishonest conduct, the Agency alleged that Ruiz was dishonest in responses to two questions in a Questionnaire for National Security Positions Standard Form SF (86) ("Questionnaire"), which he completed on May 22, 2001. First, the Agency alleged that Ruiz answered "no" to Question 22:

Has any of the following happened to you in the last 7 years? If "Yes", begin with the most recent occurrence and go backward, providing dated [sic] fired, quit, or left, and other information requested.

Use the following codes and explain the reason your employment was ended:

1—Fired from a job

2—Quit a job after being told you'd be fired

3—Left a job by mutual agreement following allegations of misconduct

4—Left a job by mutual agreement following allegations of unsatisfactory performance

5—Left a job for other reasons under unfavorable circumstances.

The Agency stated that Ruiz was required to list that he left his job with Dollar General Store for reasons under unfavorable circumstances, and he refused to sign the Progressive Counseling Record. Second, the Agency alleged that Ruiz answered "no" to Question 23f, which asks in relevant part, "In the last 7 years, have you been arrested for, charged with, or convicted of any offense(s) not listed in response to a, b, c, d, or e above?" The Agency stated that Ruiz failed to mention that on August 1, 1999, he was arrested for resisting arrest at a bar following an altercation with the bouncer of the bar.

The INS issued a negative suitability determination dated March 8, 2002, in which the Agency rated ineligible Ruiz's application for positions of Border Patrol Agent (Trainee); debarred him from competing for, or accepting appointments to, entry-level immigration officer positions filed through registers and inventories for a period of one year; and withdrew a tentative offer of employment. Ruiz appealed the negative suitability determination to the Board.

Following a hearing, the administrative judge ("AJ") affirmed the Agency's negative suitability determination in an initial decision dated November 25, 2002. The AJ found Ruiz's testimony not credible, unpersuasive, and inconsistent. As to the first charge, the AJ found that the Agency proved by a preponderance of the evidence that Ruiz had engaged in misconduct or negligence in employment, based on the Agency's evidence that Ruiz was counseled at Dollar General Store, was excessively tardy and absent, and followed a married female employee around and asked her for dates. As to the second charge, the AJ found that Ruiz engaged in dishonest or criminal conduct in answering "no" to Questions 22 and 23f of the SF–86 Questionnaire when he should have answered

yes. Finally, the AJ found that the Agency successfully proved that the negative suitability determination promoted the efficiency of the service.

The Board denied Ruiz's petition for review, thus making the initial decision of the AJ the final decision of the Board. Ruiz timely appealed to this court, and we have jurisdiction pursuant to 28 U.S.C. § 1295(a)(9).

## DISCUSSION

The scope of this court's review over Board decisions is limited by statute. Specifically, we must affirm a Board decision unless it is arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with the law; obtained without procedure required by the law, rule, or regulation having been followed; or unsupported by substantial evidence. 5 U.S.C. § 7703(c) (2000). Substantial evidence is that which a reasonable mind might accept as adequate to support a conclusion. *Consol. Edison v. Nat'l Labor Relations Bd.*, 305 U.S. 197, 229, 59 S.Ct. 206, 83 L.Ed. 126 (1938).

In a suitability case, an applicant may be denied federal employment only when it will "protect the integrity or promote the efficiency of the service." 5 C.F.R. § 731.201 (2002). In determining whether the Agency action will protect the integrity or promote the efficiency of the service, OPM (or an agency to which OPM has delegated authority) may consider a number of factors for finding an individual unsuitable for employment. 5 C.F.R. § 731.202(a) (2002). Proper bases for findings of unsuitability include "misconduct or negligence in employment" and "criminal or dishonest conduct." 5 C.F.R. § 731.202(b)(1), (2) (2002).

### I. Misconduct or negligence in employment

■ First, there is substantial evidence to support the AJ's findings that the Agency was able to prove the charge of misconduct or negligence in employment. The AJ found that the Assistant Manager of Dollar General Store, Christine Whorton, gave specific information supporting the Agency's allegations. The AJ thus found that the Agency was able to establish that Ruiz was counseled at Dollar General Store for failing to call in for his schedule and failing to work the next day; that the store managers were aware of the store's attendance policies and whether Ruiz violated these policies by his excessive tardiness and absenteeism; and that Ruiz harassed a female co-worker by following her around the store and asked her for dates.

Furthermore, as noted by the AJ, Ruiz does not dispute that he was counseled as alleged in the proposal notice and that he refused to sign the Progressive Counseling Report on July 28, 2000, when he orally said he wanted to give his two weeks notice of termination. Rather, Ruiz contended before the AJ the following: (1) he did call in on Friday, April 28, 2000, and he did not work the next day because he was sick, (2) he did not arrive at work until 11 am on July 28 because of a gas/fuel pump problem, and (3) he did not behave inappropriately toward the female co-worker. The AJ found the Agency's version more credible, and Ruiz's testimony unpersuasive and inconsistent. We will not cast into doubt the AJ's credibility determination here. *See Hanratty v. Dep't of Transp.*, 819 F.2d 286, 288 (Fed.Cir.1987) (noting that credibility determinations will not be disturbed unless " 'inherently improbable or discredited by undisputed evidence or physical fact' ") (quoting *Hagmeyer v. Dep't of Treasury*, 757 F.2d 1281, 1284 (Fed.Cir.1985)); *Hambsch v. Dep't of*

*Treasury,* 796 F.2d 430, 436 (Fed.Cir.1986) (stating that credibility determinations are "virtually unreviewable" on appeal). Thus, we conclude that the AJ's findings as to the charge of misconduct or negligence in employment are supported by substantial evidence.

## II. Dishonest or criminal misconduct

■ Substantial evidence also supports the AJ's finding that Ruiz engaged in dishonest or criminal misconduct. First, the AJ found that Ruiz was dishonest when he answered in the negative to Question 22 of the questionnaire, which asked him whether he had, in the past ten years, "left a job for other reasons under unfavorable circumstances." Based on testimony by the store's managers, the AJ found that Ruiz did quit General Dollar Store under unfavorable circumstances because he failed to sign the Progressive Counseling Record, and that Ruiz was being counseled for violating the attendance policy and after multiple counseling for his behavior toward a married female co-worker. The AJ also discredited Ruiz's testimony as vague and conclusory.

Second, the AJ found that Ruiz engaged in dishonest or criminal misconduct when Ruiz answered in the negative to Question 23f on the Questionnaire. Question 23f asked Ruiz whether, in the past seven years, he had been arrested for an offense that was not already enumerated in that section of the questionnaire. The AJ found that Ruiz was dishonest in answering "no" when OPM's investigative report showed that the San Antonio Police Department arrested Ruiz on July 31, 1999, on a charge of "resisting arrest—search."

While Ruiz does not contest either his "no" answer on the questionnaire or his arrest, Ruiz argued before the AJ that his responses on another form, an "Optional Form, Declaration for Federal Employ-ment," show that he provided the information solicited by Question 23f of the Questionnaire. Ruiz answered "yes" to Question 8 of the Optional Form, which asks whether the applicant was, in the past ten years, convicted, imprisoned, been on probation, or on parole. In Question 15, Ruiz elaborated as follows:

> Violation of disorderly conduct, abusive language with in friends. Violation issued at 111 W. Crockett; San Antonio, TX San Antonio Police Department San Antonio, TX 78212.

Another Declaration provided by Ruiz fifteen days later provided similar information as to the "violation." The AJ found that this information as to a violation did not answer Question 23f of the questionnaire, which asked about arrests. The AJ further found that Ruiz was unable to explain why he had provided an incorrect answer on Question 23f and that Ruiz was unable to overcome the presumption that he had intentionally provided this incorrect answer. We find no reason to disagree. We therefore conclude that the AJ's findings as to the charge of misconduct or negligence in employment are supported by substantial evidence.

## CONCLUSION

Because the Board's decision is not arbitrary, capricious, or contrary to law, and is supported by substantial evidence, this court affirms.

No costs.