43 F.3d 1486
 NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Aloysius J. BERNARD, III, Petitioner,
v.
DEPARTMENT OF THE NAVY, Respondent.
 No. 94-3231.
 United States Court of Appeals, Federal Circuit.
 Dec. 9, 1994.
 
 Before MAYER, Circuit Judge, BENNETT, Senior Circuit Judge, and LOURIE, Circuit Judge.
 PER CURIAM.
 
 
 1
 Aloysius J. Bernard, III, appeals the January 26, 1994 decision of the Merit Systems Protection Board, No. DA-0752-93-0455-I-1, affirming his removal by the Department of the Navy from the position of Supply Systems Analyst. We affirm.
 
 
 2
 We must affirm the decision of the board unless we conclude that it was arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; obtained without procedures required by law, rule, or regulation having been followed; or unsupported by substantial evidence. 5 U.S.C. Sec. 7703(c) (1988); Hayes v. Department of the Navy, 727 F.2d 1535, 1537 (Fed.Cir.1984). Bernard's appeal invokes the last of these statutory standards: he argues that there is not substantial evidence in the record to support the factual findings on which the board based its decision.
 
 
 3
 In the initial decision, dated October 12, 1993, the administrative judge sustained Bernard's removal based on evidence of two instances of inappropriate conduct. In each instance, the administrative judge credited the testimony of the complaining witness and not that of Bernard. We have often emphasized that such credibility determinations are uniquely entrusted to the fact finder, reversible on appeal only if the testimony is shown to be "inherently improbable or discredited by undisputed evidence or physical fact." Hagmeyer v. Department of the Treasury, 757 F.2d 1281, 1284 (Fed.Cir.1985) (citation omitted). See also Griessenauer v. Department of Energy, 754 F.2d 361, 364 (Fed.Cir.1985) ("[D]etermination of the credibility of ... witnesses is within the discretion of the presiding official who heard their testimony and saw their demeanor."). Bernard has made no such showing here. Instead, he simply argues that the administrative judge should have credited his testimony instead of that of his accusers. But the administrative judge weighed all of the evidence in the record, including the testimony of disinterested third persons that indirectly corroborated the accusations against Bernard. We are not persuaded that her conclusions based on that record are unsupported by substantial evidence.