NOTE:  Pursuant to Fed. Cir. R. 47.6, this disposition
is not citable as precedent.  It is a public record.

# United States Court of Appeals for the Federal Circuit

06-3074

BERTHA L. TOWNSEND,

Petitioner,

v.

DEPARTMENT OF THE ARMY,

Respondent.

_____

DECIDED: August 11, 2006

_____

Before MAYER, BRYSON, and LINN, Circuit Judges.

PER CURIAM.

Bertha L. Townsend ("Townsend") appeals a final decision of the Merit Systems Protection Board ("Board") based on the determination of an Administrative Judge ("AJ"), affirming the Department of the Army's ("Army") decision to remove Townsend from her civilian position with the Army.  Townsend v. Department of the Army, No. DA-0752-05-0067-I-1 (M.S.P.B. Mar. 25, 2005) ("Initial Decision").  The Initial Decision became the final decision of the Board when Townsend's petition for review was denied, Townsend v. Department of the Army, No. DA-0752-05-0067-I-1 (M.S.P.B. Oct. 5, 2005).  Because the Board's decision is not arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law, we affirm.

BACKGROUND

Townsend worked from 1989 through October 2004 at the Equal Employment Opportunity Office ("EEOO") for the Army at Fort Sam Houston. On October 15, 2004, Michael D. Waldrop ("Waldrop"), Deputy Garrison Commander, decided to remove Townsend from her position as an office automation assistant at the EEOO, effective October 22, 2004, for being absent without official leave ("AWOL") on July 16, 21, 22, 23, 26, and 28, 2004 and failing to follow proper leave procedures (the "AWOL charge"). In making his decision to remove Townsend, Waldrop noted that Townsend's conduct was "very serious," of a repeated nature and that her office "'suffered' because she was not present on a regular basis." Initial Decision, slip op. at 7.

On November 5, 2004, Townsend petitioned for review of the Army's removal decision by the Board. After a hearing, the AJ affirmed the Army's removal action. Id., slip op. at 8. The Initial Decision became the final decision of the Board on October 5, 2005. Townsend appeals the AJ's credibility determinations, the finding that Townsend was AWOL, and the penalty of removal. We have jurisdiction under 28 U.S.C. § 1295(a)(9).

DISCUSSION

A. Standard of Review

Our scope of review in an appeal from a decision of the Board is limited. Specifically, we must affirm the Board's decision unless we find it to be arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; obtained without procedures required by law, rule, or regulation having been followed; or unsupported by substantial evidence. 5 U.S.C. § 7703(c) (2000); Cheeseman v. Office

of Pers. Mgmt., 791 F.2d 138, 140 (Fed. Cir. 1986).  The petitioner bears the burden of establishing error in the Board's decision.  See Cheeseman, 791 F.2d at 140.

## B.  Analysis

To succeed in an adverse action against an employee, an agency must establish that the conduct occurred, that there is a nexus between the conduct and the efficiency of the service, and that the penalty imposed by the agency was reasonable.  Bryant v. Nat'l Sci. Found., 105 F.3d 1414, 1416 (Fed. Cir. 1997).

### 1. Conduct

On appeal from the conduct determination, Townsend challenges the Board's determination that Arcelia Longoria ("Longoria") was a credible witness.  Townsend contends that Longoria made false statements at the hearing that were contradicted by the testimony of Townsend.  For example, Longoria testified that no complaints had been filed against her by employees she supervised, whereas Townsend testified that she filed a complaint against Longoria in April 2004 and that a coworker had just finished filing a complaint.

Because the AJ is in the best position to evaluate credibility, his or her credibility determinations are "virtually unreviewable" on appeal, see Hambsch v. Department of the Treasury, 796 F.2d 430, 436 (Fed. Cir. 1986), and will not be disturbed unless inherently improbable, discredited by undisputed evidence, or contrary to physical facts.  Hanratty v. Dep't of Transp., 819 F.2d 286, 288 (Fed. Cir. 1987).  It is not disputed that Townsend was AWOL every day alleged by the Army except July 16, 2004.  Townsend does not deny that she had the opportunity to probe Longoria's testimony by cross-examination at the hearing so as to challenge Longoria's credibility regarding the issues

that remained in dispute. Townsend's unsupported allegations that Longoria falsely testified regarding certain peripheral matters do not meet the high burden required to disturb the administrative judge's credibility determinations.

Townsend next argues the charge against her cannot be sustained because (1) she did not leave work early on July 16, 2004; and (2) her reasons for being absent on the remaining dates were valid and supported by the medical documents she submitted. Townsend's arguments are unpersuasive.

Townsend first points to her testimony that, on July 16, 2004, "she stepped away from her computer for a break and that, while she was gone, someone turned off her computer." Initial Decision, slip op. at 4. Townsend also testified she returned to her office the afternoon of July 16, 2004 and found that her lights had been turned off by Rebecca Ayala, a fellow employee. Townsend suggests that this proves that "[o]n July 16, 2004, no leave was necessary because [Townsend] was at work all day." Noting that Townsend did not offer Ms. Ayala as a witness or otherwise support her testimony with corroborating evidence, the Board found Townsend's "claim that she remained at work for her entire shift on July 16, 2004, just stepping away from her computer for a break, less than credible." Id., slip op. at 5. Because Townsend does not point to anything in the record to support her version of what happened on July 16, 2004, and because the AJ was in the best position to evaluate Townsend's credibility, we see no basis for rejecting the Board's determination that Townsend was AWOL on July 16, 2004. See Hagmeyer v. Dep't of the Treasury, 757 F.2d 1281, 1284 (Fed. Cir. 1985) (holding that credibility determinations should not be disturbed unless "inherently improbable or discredited by undisputed evidence or physical fact").

Townsend next argues that substantial evidence does not support the Board's finding that Townsend was AWOL on July 21, 22, 23, 26, and 28, 2004 because she provided medical documentation that excuses her on those dates. The first document, a doctor's note dated July 29, 2004, indicates that Townsend was under the doctor's care from July 21, 2004 through August 2, 2004. The second document, a doctor's note dated July 20, 2004, also indicates that Townsend was under doctor's care and further indicates that Townsend "is taking medication for her condition which may cause sleepiness so that when she takes certain medication, she should not be driving or operating hazardous equipment." The AJ reviewed these documents and found that they were insufficient to show whether or why Townsend was required to be away from work for the dates in question. Initial Decision, slip op. at 5-6. The AJ found that the documents did "not indicate the nature of the 'illness' or provide any other details, such as the specific medication [Townsend] may have been taking or why the appellant was required to be away from work for so long a period of time." Id. The AJ also found that the documents were not consistent with Townsend's claims that on July 22 and 26, 2004, she was absent from work due to car trouble, not due to medication that prevented her from driving. Id., slip op. at 6. The AJ thus concluded that the documents were both insufficient and inconsistent, and that the preponderant evidence supported the Army's charges of AWOL. Id.

Townsend does not dispute that it was her responsibility to appear for work or to provide the Army with adequate reasons for her absence. See Alston v. U.S. Postal Serv., 21 M.S.P.R. 172, 175 (1984), aff'd, 765 F.2d 156 (Fed. Cir. 1985) (Table). Townsend has not identified any evidence of record that purports to excuse her

absence on the dates in question other than these doctor's notes, found by the Board to be insufficient to excuse her absence. We agree with the Board that the doctor's notes are insufficient because they do not indicate the dates on which Townsend was medically prevented from being at work or when Townsend was able to return to work, nor do they explain why leave was not requested in advance. Accordingly, substantial evidence supports the Board's conclusion that Townsend did not demonstrate a valid excuse for her absence from work.

Townsend has not identified any reversible error in the Board's decision to sustain the AWOL charge.

## 2. Penalty

Townsend also challenges the penalty, alleging that (1) it was error for the AJ to consider that Townsend had previously been disciplined for having been AWOL; and (2) the Army's decision to terminate her was the result of retaliation and disparate action by Longoria, who Townsend alleges treated her unfairly and was hired to work at the EEOO for the purpose of terminating Townsend.

The "[d]etermination of an appropriate penalty is a matter committed primarily to the sound discretion of the employing agency." Brook v. Corrado, 999 F.2d 523, 528 (Fed. Cir. 1993) (quoting Beard v. Gen. Servs. Admin., 801 F.2d 1318, 1322 (Fed. Cir. 1986)). Accordingly, "we will not disturb a penalty unless it exceeds the range of permissible punishment or is 'so harsh and unconscionably disproportionate to the offense that it amounts to an abuse of discretion.'" Gonzales v. Def. Logistics Agency, 772 F.2d 887, 889 (Fed. Cir. 1985) (quoting Villela v. Dep't of the Air Force, 727 F.2d 1574, 1576 (Fed. Cir. 1984)).

Townsend's arguments do not demonstrate an abuse of discretion by the Army. Citing Douglas v. Veterans Administration, 5 M.S.P.R. 280 (1981), the AJ determined that the penalty of removal was an appropriate penalty. Initial Decision, slip op. at 6-8. The AJ found that, while Townsend was a satisfactory employee when at work, her attendance problem "was serious and of a repeated nature." Id., slip op. at 7. Townsend argues that it was error for the AJ to consider her prior AWOL charges because she has challenged the basis of those charges before the Equal Employment Opportunity Commission ("EEOC"). However, one of the Douglas factors is whether the offence was "frequently repeated." Douglas, 5 M.S.P.R. at 332. Moreover, prior disciplinary actions pending EEOC review may be considered by the Board in reviewing the penalty determination. See Blank v. Dep't of the Army, 247 F.3d 1225, 1230 (Fed. Cir. 2001). Accordingly, it was not error for the Army or the Board to consider the repeated nature of the AWOL charges.

Townsend's remaining arguments relate to claims of discrimination, which she has waived in her amended Rule 15(c) statement and are therefore not before us for review. See Davidson v. U.S. Postal Serv., 24 F.3d 223 (Fed. Cir. 1994).

CONCLUSION

For the foregoing reasons, we conclude that the Board's decision sustaining the AWOL charge and affirming the penalty of removal is supported by substantial evidence, is not an abuse of discretion, and does not otherwise contain reversible error. Accordingly, we affirm the Board's decision.